# KONSTANTY J. KRAKOWSKI v. CITY OF ST. CLOUD AND OTHERS.

101 N. W. (2d) 820.

March 11, 1960—No. 37,689.

*Atwood & Fletcher,* for appellant.
*C. E. Phillips,* for respondents.

NELSON, JUSTICE.

Appeal from an order of the district court affirming dismissal of appellant as a classified civil service employee of the city of St. Cloud by the Civil Service Board of said city.

The following facts are not in dispute: Appellant, Konstanty J. Krakowski, was an employee of the city of St. Cloud. His employment covered a period of some 30 years during which he had largely been assigned to the Department of Parks. On September 19, 1956, he was notified by a letter from the mayor's administrative assistant that he was discharged from employment for having violated Rule 901.1 of the Civil Service Rules of the city in that he was absent without leave from September 4, 1956, to September 12, 1956. Subsequently, on October 12, 1956, the mayor's administrative assistant mailed to appellant a specification of the charges on which his dismissal was based. A hearing on the charges resulted in findings and an order by the Civil Service Board of the city confirming the discharge. On appeal there-

from, the district court set aside said findings and dismissal on the grounds that "said decision sustaining *all* of the charges made against said appellant was not reasonably supported by the evidence presented to said Board" (italics supplied) and subsequently ordered that the cause be remanded to the board. Thereafter the same matter came before the board for another hearing on March 10, 1958. The board had changed to the extent of one of its three members being replaced by a new member. The appellant made a special appearance before the board at the second hearing objecting to the proceedings on the grounds that the new board lacked jurisdiction to amend the findings made by a differently constituted board; that the findings made by the prior board were without evidentiary support and consequently it was without jurisdiction to discharge appellant; that there was no statutory authority for remanding the proceeding to the new board; and that after the intervening lapse of time the board was estopped from issuing an order operating retroactively to 1956. No evidence was taken at the hearing although full opportunity was accorded to appellant to appear and introduce further testimony. The board reviewed the transcript of the testimony taken at the prior hearing and made findings and conclusions to the effect that there existed just cause for the dismissal.

On appeal to the district court the matter was submitted to another judge upon the entire records and proceedings of hearings had before the board, including all documents and exhibits, the Home Rule Charter, and the applicable portion of the rules adopted for the guidance of the Civil Service Board of the city of St. Cloud. The district court thereupon issued its order sustaining the dismissal and appellant is here on appeal from that order.

On the first appeal to the district court, the trial judge who conducted that hearing and issued the order which later resulted in a remand to the board for further consideration attached a memorandum made a part of the order which read in part as follows:

"Because the Board's decision fairly construed appears to find that all charges are 'fully sustained by the evidence,' a careful review of all of the charges made against appellant is required. * * * The briefest

reading of the record compels a conclusion that there is ample evidence to support the charge that appellant was absent without leave on several occasions. * * * However, a reading of the record first and the charges thereafter leaves one with the distinct impression that many charges of insubordination and other misconduct are wholly without evidentiary support either directly or by reasonable inference. * * *

* * * * *

"Even though the Board could have based its action on a proper finding of absence without leave alone or on some specific instances of insubordination established alone, or both, the fact that the possibility of an erroneous basis for the decision exists requires the same to be set aside."

■ Appellant apparently contends that the city of St. Cloud has adopted M. S. A. c. 44 in establishing the merit system in the municipality of St. Cloud. But respondent city points out that it has never adopted c. 44 but that it is following its city charter which sets up its civil service system. Section 44.02 provides that:

"Any city of the second, third, or fourth class, however organized, any village, or any borough may, by ordinance approved by a majority of the voters voting on the question of its approval at a general or special election, establish the merit system."

The city of St. Cloud contends that it has the authority to provide, by ordinance, such rules and regulations as it may see fit governing incidents of employment without coming under the Civil Service Act and that this is what it has done. We conclude that it has the general power to so provide by ordinance.[1]

■ Appellant questions the board's authority to delegate the power of discharge of classified civil service employees under Rules 901.1 and 901.2 of the Civil Service Rules. Rule 901.1 reads:

"Any employee who is absent from duty more than three (3) consecutive days without securing leave from the Department Head, or without notifying of the reason, shall be treated as having resigned

---

[1]See, Opinion Attorney General, No. 59-A-41, September 18, 1951.

without notice, and shall constitute sufficient cause for reduction, suspension or removal."

Rule 901.2 provides that a violation of Rule 901.1 shall be entered on the service record of the violator and may be cause for rejecting him for future employment and for denying him terminal leave benefits. It provides that the appointing authority shall report to the board immediately the resignation of any employee who fails to comply with Rule 901.1. The aforesaid rules make no attempt to delegate anything to anyone.

Appellant cites People ex rel. Polen v. Hoehler, 405 Ill. 322, 90 N. E. (2d) 729, in support of his contention. The Polen case, however, is clearly distinguishable from the situation in the instant case since in that case there were extenuating circumstances which made the discharge arbitrary and therefore void. No such facts are present here and the trial court considered the requirement reasonable and so ruled. While it may always seem harsh, even though the facts support the action taken, to discharge an employee after a long period of employment, yet the trial court saw fit to uphold the board in its application of the rule to the numerous violations committed by appellant, and this court cannot say that it acted in an unreasonable and arbitrary manner in reviewing the action of an administrative tribunal. Appellant does not directly challenge the sufficiency of the evidence to support the finding of the board that he willfully disregarded orders given to him by his superiors.

The appellant questions the mayor's authority to discharge an employee in the classified service, subject to review by the Civil Service Board, and if he had such power, that he could delegate it to his administrative assistant. Appellant relies upon § 3.20 of the Charter of the City of St. Cloud, the pertinent parts of which read as follows:

"* * * Subject to the provisions of this charter and any regulations consistent therewith adopted by the council, the Mayor shall conduct the affairs of the city and is hereby authorized and directed as follows:

\* \* \* \* \*

"f. To file charges against, and to recommend the removal of any employee in the classified service."

It is not specified with whom the charges are to be filed nor to whom the recommendation is to be made, and no other provision of the charter supplies this information. The aforesaid subsection f does not purport to be one of limitation; it only directs affirmative action in that the mayor shall file charges and make recommendations for removal. There is no provision in the charter giving any other official, board, or agency any power of removal. But subsection e vests absolute power in the mayor to discharge employees in the unclassified service, and it is reasonable to infer from the charter as a whole that the mayor has power to discharge those in the classified service, subject at all times to review by the board. Otherwise, as the matter stands, the city would have no way of removing an employee in the classified service no matter how compelling the reasons therefor, since the board as established is strictly a reviewing body, without power of original action.

Under § 3.20(c) of the charter, the mayor appoints all officers and employees. The question before us therefore resolves itself into one of whether the power of removal has been withheld from the mayor by some provision of law. There appears to be none provided by the charter. We must then look to the settled law of this state which holds that the power to remove is an incident to the power to appoint, unless otherwise provided. Parish v. City of St. Paul, 84 Minn. 426, 87 N. W. 1124.

■ It is also to be observed that § 3.20(b) authorizes the mayor to appoint, "with the approval by the affirmative vote of no less than four members of the entire council, the Administrative Assistant * * *; he shall be responsible for the faithful and lawful performance of his duties *solely to the Mayor, who shall be responsible for the acts of his appointee.*" (Italics supplied.) The charter nowhere grants the administrative assistant any power, nor does it impose any duties upon him. Clearly, he acts only on the direction of the mayor.

It must be presumed from the record herein that the mayor himself made the determination in this instance with regard to discharging one

of the classified employees and then issued his directive to his administrative assistant to notify the employee of his dismissal and to file with the board the charges upon which he was dismissed, preparatory to the appellant's request for a hearing. The procedure that followed the dismissal would not indicate otherwise, even though the letter advising the employee of his dismissal and the letter transmitting the charges to the secretary of the board were separately and on each occasion signed by the mayor's administrative assistant. Clearly, these acts were purely ministerial and upon the record as it stands were properly delegated to him by the mayor under his authoritative direction. The only reasonable presumption is that the mayor acted thus in exercising the powers of his office. The trial court apparently had no difficulty in coming to this conclusion, and we think it is a reasonable conclusion. We therefore conclude that the administrative assistant in discharging appellant acted pursuant to the mayor's directives and sufficiently complied with the procedural and substantive requirements of the civil service law of the city.

■ The appellant questions whether after the remand the board as then constituted could reconsider and amend the previous findings based on testimony received by the prior board; and, further, whether the new board could issue an order which would have a retroactive effect. As we view it, the matter has been fully explained in the memorandum of the trial court leading to the remand. Clearly, the order did not dismiss the proceedings nor reinstate appellant to his employment but merely explained to the board that it must distinguish between charges amply supported by the evidence sufficient to constitute just cause for dismissal and charges which might lack evidentiary support. The appellant was given the right to appear and submit to the board such further evidence as he might deem material, and he was given due notice of the time, place, and purpose of the hearing, at which he appeared specially. New findings of fact were made and signed by the board 3 days later sustaining the dismissal. Thereafter the original findings no longer existed, and the new findings became the findings of the board. This time specific findings of fact were made in respect to each of the charges as the trial court directed.

We conclude, as the city contends, that the Civil Service Board of St. Cloud constitutes a permanent, continuing body, and the resignation of a member and the appointment of a successor does not create a new board. The question of whether it constitutes a continuing body is not alone controlling herein since two original members of the board constituting a quorum and a majority of all the members of the board signed the new finding and dismissal order together with the new member.

We see no point in the question whether the board could issue an order of dismissal which would have a retroactive effect, since, even though new findings have been substituted, we have no new proceedings here. These proceedings began when appellant filed his request for a hearing on the mayor's order of dismissal, and it is now pending on appeal before this court.

The appellant contends that since the attempted dismissal by the mayor was based on an alleged absence without authority the only charge which could be lawfully filed would relate to that specific absence. He quotes as support for his position in that respect M. S. A. 44.08, subd. 1, which subdivision was originated by L. 1951, c. 675, § 8, subd. 1. We have already pointed out that the city of St. Cloud might by ordinance, approved by a majority of its voters voting on the question at a general or special election, establish its own merit system and be governed by the locally adopted rules of employment pursuant thereto.[2]

Appellant has cited Butte, A. & P. Ry. Co. v. United States, 290 U. S. 127, 54 S. Ct. 108, 78 L. ed. 222, in support of its contention that the Civil Service Board lacked power to act further in the premises

---

[2]See Rule 904 which reads as follows: "No permanent employee in the classified service shall be dismissed, except for just cause, which shall not be religious, racial, or for political opinion. Upon written request made by the employee within 15 days after dismissal, the appointing authority shall file the charges of inefficiency or misconduct on which the dismissal [is based] with the employee concerned and with the secretary of the Board and a hearing shall be held by the Board thereon in accordance with Rule 902, after ten days written notice to the employee of the hearing."

due to its change in personnel. A reading of that decision does not establish that the court went so far as to hold that the Interstate Commerce Commission in that case lacked power to act further in the premises because of a change in its personnel.

■ Appellant has cited Employers' Lia. Assur. Corp. v. Matlock, 151 Kan. 293, 299, 98 P. (2d) 456, 461, 127 A. L. R. 461, 467, wherein it was held that "the district court has no authority to remand a case to the commission for further proceedings." For the reasons stated in that opinion, the district court had no jurisdiction and therefore could not legally remand the proceedings to the commission. The reasons applicable in the aforesaid Kansas case are neither applicable nor controlling in the case at bar. The power to remand the proceedings for whatever action the board might deem advisable under the particular circumstances has support in our decisions. In the cited Kansas case the court clearly had nothing to remand. We have concluded that the trial court had the power to remand the proceedings for whatever further action the board might deem advisable under the direction set forth in its memorandum made a part of the order. See, Matter of Collins v. Behan, 285 N. Y. 187, 33 N. E. (2d) 86; Sellin v. City of Duluth, 248 Minn. 333, 80 N. W. (2d) 67; Hunstiger v. Kilian, 130 Minn. 474, 538, 153 N. W. 869, 1095.

■ The court below in its consideration of the proceedings herein indicated that no substantial error appears in the proceedings and sustained the decision of the Civil Service Board of the city of St. Cloud. Since we have before us the consideration of the factfindings of an administrative body, there exist no grounds for reversal unless it be found from the record and the proceedings herein its action was either fraudulent, arbitrary, or unreasonable, or not within its jurisdiction and powers. Our review fails to disclose any basis for such findings in the instant case. Accordingly the city is entitled to an affirmance.

Affirmed.