## RODNEY WILLIAM KORF v. STATE.

187 N. W. (2d) 638.

May 17, 1971—No. 42779.

■ ■ ■

*Warren Spannaus,* Attorney General, *James M. Kelley,* Assistant Attorney General, and *Frederick S. Suhler, Jr.,* Special Assistant Attorney General, for appellant.

*Robins, Meshbesher, Singer & Spence, Kenneth Meshbesher,* and *Patrick Delaney,* for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Rolloff, JJ.

CLARENCE A. ROLLOFF, JUSTICE.*

Appeal by the state from an order directing the Minnesota Highway Department to remove from petitioner's traffic record the revocation of driver's license which it had previously imposed and to return to petitioner his driver's license. The statutory provisions relating to drivers' licenses are now under the jurisdiction of the commissioner of public safety. Minn. St. c. 171.

The facts are not in dispute. Respondent, Rodney William Korf, was convicted on July 7, 1969, of illegal speeding. On August 20, 1969, he was again convicted of illegal speeding. On April 2, 1970, he was convicted of the offense of careless driving by the Municipal Court of Hennepin County under a city ordinance. A finding of guilty was predicated upon facts stipulated to the court. The conviction was certified to the Department of Public Safety by the clerk of the Municipal Court of Hennepin County. The department revoked the license of Korf on May 5, 1970, pursuant to Minn. St. 171.17(6). Respondent then peti-

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

tioned the Hennepin County District Court for reinstatement of his driver's license pursuant to § 171.19. This appeal is from an order granting the petition. Minn. St. 171.17 provides in relevant part:

"The department shall forthwith revoke the license of any driver upon receiving a record of such driver's conviction of any of the following offenses:

* * * * *

"(6) Conviction, plea of guilty, or forfeiture of bail not vacated, upon three charges of careless or reckless driving, or illegal speeding committed within a period of 12 months."

This statute is in irreconcilable conflict with Minn. St. 488A.10, subd. 6,[1] which relates only to the Municipal Court of Hennepin County. That section, so far as applicable to the present case, provides:

"A charge of a violation of any municipal ordinance, charter provision, rule or regulation, * * * [stated exceptions not material herein] shall be heard, tried and determined by a judge without a jury, * * *. * * * where there has been a conviction in a trial without jury as provided above, the commissioner of highways shall not by reason thereof revoke or suspend the defendant's driver's license."

The Department of Public Safety cannot revoke a driver's license under § 171.17(6) until there have been three specified convictions within one year. The conflict between that statute and § 488A.10, subd. 6, comes about when the defendant receives a third conviction. When the third conviction is had, § 171.17(6) provides that the driver's license shall be revoked. Section 488A.10, subd. 6, provides that the driver's license shall not be revoked if the prosecution is under an ordinance in Hennepin County.

This court held in State v. Leininger, 286 Minn. 555, 176 N. W. (2d) 629, that Minn. St. 488A.10, subd. 6, while prescrib-

---

[1] Ex. Sess. L. 1967, c. 50, § 3.

ing a procedure for ordinance violations prosecuted in Hennepin County different from that in other counties, did not deny the defendant equal protection of the law in violation of U. S. Const. Amend. XIV.

The legislature undoubtedly did not intend or even contemplate the result reached by the trial court, but the fact remains that the language of the statute is clear and unambiguous and compels the conclusion that the commissioner is without power to revoke the driver's license under the circumstances here involved. The trial court wrote an excellent memorandum, which we adopt. In part, the court stated:

"No ambiguity can be found from a reading of Minn. Stats., sec. 488A.10, subd. 6. Undoubtedly the result seems anomalous, since the result applies only if there be a trial without a jury and not if the conviction results from a plea of guilty. The problem, however, seems to be one for the legislature to correct by appropriate amendments to the statute, which can be easily accomplished. It further seems to the Court that the statute should provide for a jury trial in the event of a third charge within a year for careless driving whether or not personal injuries are involved. The legislature might also wish to consider making further provision to remove the disability of the commissioner from revoking a driver's license in the event of a third conviction of guilty for speeding or careless driving or any combination thereof whether or not the conviction is based upon a trial with or without a jury or upon a plea of guilty. Likewise, it does seem to the undersigned [judge of district court] that the cited statute, which is applicable only to Hennepin County, could be brought parallel with the license revocation provisions found in Minn. Stats., sec. 171.17 without impairment to the efficacy of Minn. Stats., sec. 488A.10, subd. 6."

Inasmuch as there is an irreconcilable conflict between the two statutes, the court considers the legislative acts dealing with such a situation. Minn. St. 645.26, subd. 1, provides that in case of an irreconcilable conflict between a special and a general pro-

vision in the same statute, or in different statutes, "the special provision shall prevail and shall be construed as an exception to the general provision." Subd. 4 provides:

"When the provisions of two or more laws passed at different sessions of the legislature are irreconcilable, the law latest in date of final enactment shall prevail."

Minn. St. 488A.10, subd. 6, is a special provision and constitutes an exception to the general provisions in § 171.17(6) and did not come into existence until long after the enactment of § 171.17 (6). By reason of § 645.26, subds. 1 and 4, we hold that § 488A.10, subd. 6, determines the issue in this case.

Under § 488A.10, subd. 6, a person might have 25 convictions of the type here involved within a 12-month period and the commissioner would be helpless to revoke the person's driver's license. The result is absurd and unjust. Accordingly, we hope the legislature will consider the suggestions of the trial court contained herein. The order of the trial court is affirmed.

Affirmed.