David Donald ANTL, Petitioner, Respondent,

v.

STATE of Minnesota, DEPARTMENT OF PUBLIC SAFETY, Appellant.

No. C4–84–575.

Court of Appeals of Minnesota.

Aug. 21, 1984.

Eric J. Mattison, Owatonna, for respondent.

Hubert H. Humphrey, III, State Atty. Gen., Linda Close, Joel Watne, Sp. Asst. Attys. Gen., St. Paul, for appellant.

Considered and decided by FOLEY, P.J. and SEDGWICK and RANDALL, JJ.

## OPINION

SEDGWICK, Judge.

This is an appeal from the district court's order to rescind the Commissioner of Public Safety's cancellation of respondent's driving privileges. We reverse and remand.

## FACTS

After three DWI convictions in 1981, respondent David Antl's driver's license was revoked pursuant to Minn.Stat. §§ 171.-04(8) and 171.14 (1982) until such time as respondent could demonstrate his rehabilitation to the Commissioner of Public Safety.

By agreement of the parties, proof of rehabilitation included successfully completing a chemical dependency treatment program, passing a test, paying a fee, presenting verifiable proof of his abstinence from alcohol for a minimum of six months and agreeing to continue abstaining from the consumption of alcohol.

At a reinstatement hearing before Driver Safety Analyst Jack Boerner, respondent presented evidence that he had passed the required test, completed the treatment program, paid the required fee and swore under oath that he had abstained from alcohol since the revocation and would continue to do so. His mother, brother, and girlfriend similarly verified his abstention. Finding respondent met all the requirements for reinstatement, Boerner reinstated respondent's license.

At the time Boerner authorized reinstatement, respondent's record included an open bottle violation committed three days after treatment and during his sworn period of abstinence. Boerner apparently did not consider the conviction because it was omitted from respondent's record. Reinstatement of driving privileges where a party has an open bottle conviction during a period of sworn abstention is contrary to the Commissioner's practice and policy.

Respondent testified that he discussed this conviction with Boerner. Boerner was not present to contradict this because he had no notice of respondent's intended testimony. However, there is no reference in Boerner's report regarding any discussion about respondent's open bottle conviction.

After respondent's license was reinstated, Officer Dennis Schule of the Owatonna Police Department submitted a report to the Commissioner of Public Safety verifying that the open bottle conviction violated the abstinence condition of respondent's reinstatement. The Commissioner cancelled respondent's driving privileges immediately and respondent petitioned the district court for rescission of the cancellation of his license.

At trial Officers Schule and Deckard, who observed respondent the night he was arrested for open bottle, testified that they noticed respondent's bloodshot eyes, slurred and abusive speech, staggering gait, belligerent attitude and strong odor of alcohol on respondent's breath.

Because respondent was not driving neither officer asked respondent to take a sobriety test. The trial court made no finding whether respondent had been using alcohol during his period of sworn abstinence. Instead the judge disregarded the officers testimony as merely circumstantial evidence because they did not actually see respondent drinking and did not administer a breath test. The judge ruled the open bottle violation was irrelevant to the reinstatement proceedings whether or not the Commissioner had full knowledge of this violation before reinstatement of license was authorized.

The Commissioner appeals.

## ISSUES

1. Did the trial court use an erroneous standard in reviewing the decision of the administrative agency?

2. Did the trial court err in dismissing the testimony of the police officers as circumstantial evidence?

3. Did the trial court err in holding that an open bottle violation committed during respondent's period of sworn abstinence was irrelevant to proceedings for rescission of driver's license cancellation?

## ANALYSIS

In all administrative matters, there exists a presumption as to the regularity and correctness of the administrative acts. *No Power Line v. Minnesota Environmental Quality*, 262 N.W.2d 312 (Minn. 1977); *Reserve Mining Co. v. Herbst*, 256 N.W.2d 808 (Minn.1977).

In general there can be no reversal unless it is found that the action of the administrative agency was fraudulent, arbitrary, unreasonable, or not within its jurisdiction and powers. *Krakowski v. City of St. Cloud*, 257 Minn. 415, 101 N.W.2d 820 (1960).

These general principles apply to the review of drivers license matters as well. *Goodman v. State, Dep't. of Pub. Safety*, 282 N.W.2d 559 (Minn.1979). The person challenging the agency's decision has the burden of proving arbitrariness or unreasonableness of the agency's action. *McIntee v. State, Dep't. of Pub. Safety*, 279 N.W.2d 817 (Minn.1979).

The trial court misapplied the standard of review. It did not make a finding that the officers either lied or were mistaken as to what they smelled. Therefore, on this record, there can be no basis for concluding respondent has proven that he had not been drinking the night he was arrested for open bottle violation.

The trial court appears to have concluded that an officer cannot determine that a person has used alcohol without first administering a test. There is ample evidence in the record that two police officers smelled the odor of alcohol on respondent's breath and observed other indicia of intoxication.

Although the weight of the evidence and the believability of the witnesses rests within the discretion of the trial judte, this trial judge misapplied the law in refusing to consider the observations of the officers as direct evidence. There is no law, logic, or reason to support the trial court's position that a test is needed to confirm what experienced officers' noses and eyes tell them. Therefore, this case must be reversed for reconsideration of all the evidence on record.

Lastly, the trial court erred in concluding that the existence of an open bottle violation committed during respondent's period of sworn abstinence from alcohol was irrelevant to proceedings to rescind the Commissioner's order cancelling respondent's driving privileges for noncompliance with all conditions for reinstatement of license.

Minn.Stat. § 171.19 (1982) provides that the trial court is to determine "whether the petitioner is entitled to a license or is subject to revocation, suspension, cancellation, or refusal of license, under the provisions of this chapter." Thus, if the evidence disclosed in the course of litigation shows that the petitioner is not entitled to driving privileges for some reason other than the one initially relied upon by the Commissioner of Public Safety, the petition must be denied.

Here, the evidence shows that the Commissioner erroneously reinstated respondent's license. Had the Department of Public Safety been aware of respondent's open bottle violation during his period of sworn abstention his license would not have been reinstated. This is because respondent had not actually met the rehabilitation requirements and was still subject to the denial of his driving privileges. Minn. Stat. § 171.04, Subd. 8 (1982).

## DECISION

We reverse and remand for reconsideration of all the evidence under the proper standard of review and with the burden on petitioner of proving the arbitrariness of the agency's decision.