Richard A. SCHUMANN, Sr., petitioner, Appellant,

v.

STATE of Minnesota, DEPARTMENT OF PUBLIC SAFETY, Respondent.

No. CX–84–2220.

Court of Appeals of Minnesota.

May 21, 1985.

Robert H. Peahl, Cook, Voegele & Peahl, P.A., Faribault, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by PARKER, P.J., and LANSING and HUSPENI, JJ.

## OPINION

LANSING, Judge.

Appellant Richard A. Schumann, Sr., petitioned the trial court for reinstatement of his driver's license after it was revoked indefinitely under Minn.Stat. § 169.121, subd. 4(d), and § 171.04(8) (1984), based on his past driving record. Schumann moved to exclude evidence of three prior DWI convictions that were more than ten years old. The trial court denied his motions and dismissed the petition for reinstatement. Schumann appeals, and we affirm.

## FACTS

Robert Schumann has been convicted four times of driving while intoxicated: the convictions are dated July 30, 1970; August 20, 1971; July 25, 1972; and August 8, 1984. After Schumann's third DWI violation in July 1972, his driving privileges were revoked under Minn.Stat. § 169.121, subd. 4(c), and § 171.04(8) until he could establish his rehabilitation to the Commissioner. Schumann underwent treatment at Rochester State Hospital, and his driving privileges were reinstated in July 1973.

After Schumann's fourth DWI conviction in August 1984, the trial court sentenced him under the standards for a first DWI offense. The Commissioner of Public Safety, however, took into account all four of Schumann's convictions and revoked his license under Minn.Stat. § 169.121, subd. 4(d), and the inimical to public safety provision of *id.* § 171.04(8). The Commissioner refused to issue a limited driver's license.

Schumann immediately petitioned the district court for reinstatement of driving privileges and moved to exclude the three prior DWI convictions from evidence on the ground that they are stale. The trial court dismissed the petition for reinstatement, refusing to exclude the prior convictions. It reasoned:

> [T]he legislature has mandated the keeping of driving records primarily for the protection of the public.
>
> \* \* \* \* \* \*
>
> \* \* \* [I]t clearly is the intent of the legislature to allow the Commissioner to consider all previous offenses. § 169.-121, Subd. 4(b), says "Second offense *in less than five years* "; Subd. 4(c), says, "Third offense in less than five years"; and Subd. 4(d) says, "Fourth or subsequent offense *on the record.*" The legislature used the words "on the record" as a time modifier. If it wished to say within ten years it would have done so \* \* \*. The Court believes the legislature knew exactly what it was doing when it used the term "on the record" rather than a number of years.
>
> \* \* \* [A] fourth or subsequent conviction, no matter when it occurs, indicates that the driver does not have his alcohol problem under control. As the statute says, he is not "rehabilitated". Thus society can only be protected by revoking the license as provided under Minnesota Statute § 169.121, Subd. 4(d).

(Emphasis added).

## ISSUES

1. May the Commissioner of Public Safety consider all DWI convictions of record in applying Minn.Stat. § 169.121, subd. 4(d)?

2. Did the trial court err in refusing to expunge from the Commissioner of Public Safety's records DWI convictions more than ten years old?

## ANALYSIS

### I

Schumann's driver's license was revoked under Minn.Stat. § 169.121, subd. 4, which provides:

A person convicted of [driving under the influence] shall have his driver's license or operating privileges revoked by the commissioner of public safety as follows:

*       *       *       *       *       *

(d) Fourth or subsequent offense on the record: not less than two years, together with denial under section 171.04, clause (8), until rehabilitation is established in accordance with standards established by the commissioner.

Minn.Stat. § 171.04 provides:

The department shall not issue a driver's license hereunder:

*       *       *       *       *       *

(8) To any person when the commissioner has good cause to believe that the operation of a motor vehicle on the highways by such person would be inimical to public safety or welfare * * *.

■ Schumann asserts that because his first three DWI convictions are more than ten years old, they should not have been considered in applying administrative sanctions under § 169.121, subd. 4(d). He cites as support Minn.R.Evid. 609(b):

Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction * * *.

Rule 609, however, applies to the use of convictions to impeach witness credibility. The rationale is that after time convictions lose probative value on this issue. Minn.R. Evid. 609 committee comment. Schumann's convictions were used to determine an administrative sanction, distinguishable from evidence of witness credibility. In addition, administrative agencies are not strictly bound by the rules of evidence. *See* Minn.Stat. § 14.60 (1984).

Schumann also argues that because the sentencing guidelines for criminal offenses do not take into account felonies more than ten years old, *see* Minnesota Sentencing Guidelines II(B)(1)(e), II(B) comment II.B. 106, the Commissioner of Public Safety should disregard offenses more than ten years old. The Sentencing Guidelines,

however, do not apply to the Commissioner's determinations on driving privileges, which are not considered penal in nature but an "exercise of the police power for the protection of the public." *Anderson v. Commissioner of Highways*, 267 Minn. 308, 316–17, 126 N.W.2d 778, 783–84 (1964). The statute clearly distinguishes between criminal and administrative sanctions. *Compare* Minn.Stat. § 169.121, subd. 3, *with id.*, subd. 4.

Schumann also asserts that the Commissioner did not comply with the Minnesota Administrative Procedure Act (MAPA) in promulgating rules, and therefore the revocation of his driving privileges under those rules was invalid. We disagree with the premise of this argument. Schumann's license revocation was based on the statutory mandate in Minn.Stat. § 169.121, subd. 4(d), not on any rule promulgated by the Commissioner. *See also Hintz v. Commissioner of Public Safety*, 364 N.W.2d 486, 490 (Minn.Ct.App.1985).

■ We conclude that the Commissioner of Public Safety may consider all DWI convictions of record in applying the administrative sanctions of § 169.121, subd. 4(d). Minn.Stat. § 171.12, subd. 3, requires that driving records be retained for "at least five years." It does not limit in any way the number of years a revocation may be retained on those records. We agree with the trial court that the different time qualifiers in subdivisions 4(a) through 4(d) of § 169.121 demonstrate the legislature's intent that there be no time limit for the "fourth or subsequent offense on the record."

■ Laws that prohibit a person from driving a motor vehicle while intoxicated are "liberally interpreted in favor of the public interest and against the private interests of the drivers involved." *State, Department of Public Safety v. Juncewski*, 308 N.W.2d 316, 319 (Minn.1981). The Commissioner properly considered all of Schumann's prior convictions of record, and the trial court properly dismissed his petition for reinstatement.

## II

Schumann also argues that the trial court should have expunged his three prior DWI convictions from the Commissioner's records because they are more than ten years old. We conclude that the trial court did not err.

In *Barlow v. Commissioner of Public Safety,* 365 N.W.2d 232 (Minn.1985), the court held that the trial court did not have the authority, either by statute or under its inherent powers, to expunge a license revocation which was later rescinded from the Commissioner's records. Although Schumann moved to expunge past criminal convictions rather than license revocations, the result is no different. Schumann did not bring this action under Minn.Stat. § 299C.11 (1984), which governs expungement of criminal convictions. Even if he had done so, expungement is authorized only upon a "determination of all * * * criminal actions or proceedings in favor of the arrested person." *Id.* Because Schumann's convictions are not determinations in his favor, he is not entitled to expungement under the statute. In addition, expungement is not appropriate under the court's inherent powers when no constitutional issue has been raised and Schumann has not shown that the benefit of expungement outweighs the disadvantage to the public from elimination of the record. *See Barlow,* 365 N.W.2d at 234–235.

## DECISION

The Commissioner properly considered all of Schumann's DWI convictions of record when applying Minn.Stat. § 169.121, subd. 4(d). The trial court did not err in refusing to expunge convictions from the Commissioner's records.

Affirmed.