Alan Craig PHILLIPPE,
Petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. C0–85–583.

Court of Appeals of Minnesota.

Sept. 17, 1985.

Thomas W. Wexler, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by WOZNIAK, P.J., and PARKER and LESLIE, JJ.

## OPINION

WOZNIAK, Judge.

Appellant challenged the revocation, denial and cancellation of his driving privileges. The trial court sustained the Commissioner and, as to the denial and cancellation, we affirm.

## FACTS

Appellant was convicted of driving while intoxicated, in violation of Minnesota law, for offenses which occurred on January 11, 1969, January 21, 1976, and May 6, 1983. He was convicted of DWI in violation of a Bemidji ordinance on April 30, 1974. He was charged with DWI on July 14, 1979; this offense was amended to a charge of careless driving, to which appellant pleaded guilty, and his driving privileges were suspended for 180 days under the implied consent law.

Appellant's driving privileges were revoked under Minn.Stat. § 169.123 (1982), effective May 17, 1983. Because the last offense was the fifth alcohol-related offense on record, all driving privileges were also "cancelled" and indefinitely "denied" until "rehabilitation" was established under Minn.Stat. §§ 171.14 and 171.04(8) (1982). Following his conviction on the 1983 DWI charge, all driving privileges were "revoked" effective June 10, 1983, for not less than two years and indefinitely "denied" pursuant to Minn.Stat. § 169.121, subd. 4(d) (1982).

On May 12, 1983, appellant requested a limited license. The Commissioner denied his request, stating that he must meet the rehabilitation requirements, which include a minimum of two years of verified abstinence. Appellant applied again on May 19, 1983, with the same result. He applied again on May 8, 1984, and was advised again he would have to show a minimum of two years of verified abstinence. On that date, he signed a statement that the last date of his alcohol use was May 13, 1983.

Appellant brought a petition for reinstatement under Minn.Stat. § 171.19 (1984). The hearing was held on January 12, 1985. Appellant had subpoenaed the Commissioner of Public Safety and the Director of Driver Vehicle Services for this hearing. Neither appeared nor did they produce the documents requested. Appellant objected. After making a record on the objection, the parties proceeded to offer the testimony, documents and affidavits that were available. At the conclusion of the hearing, the district court quashed the subpoenas. On February 27, 1985, the court issued its order dismissing the petition and denying the relief requested. Appellant moved for amended findings and on March 15, 1985, that motion was denied. Appellant then brought this appeal.

## ISSUES

1. Did the Commissioner improperly consider convictions on appellant's record?

2. Are the Commissioner's standards for rehabilitation inconsistent with his own rules and regulations or arbitrary and capricious?

3. Did appellant demonstrate that he complied with the Commissioner's requirements for showing rehabilitation?

4. Should respondent be held in contempt for not personally appearing in response to appellant's subpoenas?

## ANALYSIS

■ 1. Appellant challenges the record upon which the Commissioner made his decision. He first contends that offenses over ten years old should not be considered as part of the record. This argument has been discussed and decided in *Schumann v. State, Dept. of Public Safety*, 367 N.W.2d 688, 690 (Minn.Ct.App.1985), which held "that the Commissioner of Public Safety may consider all DWI convictions of record in applying the administrative sanctions of § 169.121, subd. 4(d)." *Id.* The Commissioner may likewise consider all DWI convictions of record when deciding as to a "denial" and "cancellation" under Minn.Stat. §§ 171.04(8) and 171.14.

■ Appellant also contends that the DWI offense which constituted a violation of a Bemidji ordinance should not be considered as an offense under Minn.Stat. § 169.121, subd. 4 (1982), for purposes of determining revocation of driving privileges. That subdivision provides that:

A person convicted of violating *this section* shall have his driver's license or operating privileges revoked by the commissioner of public safety as follows * *.

Minn.Stat. § 169.121, subd. 4 (1982) (emphasis added).

Prior to 1982, the subdivision provided for penalties for:

Every person who is convicted of a violation of *this section or an ordinance in conformity therewith* * * *.

Minn.Stat. § 169.121, subd. 4 (1980) (emphasis added). The phrase "an ordinance in conformity therewith" was not removed from other parts of Minn.Stat. § 169.121. *See* Minn.Stat. § 169.121, subd. 3 (1982). The only conclusion which we can draw from this action is that the legislature did not intend that convictions for violation of an ordinance should be considered in determining the length of time of a revocation under Minn.Stat. § 169.121, subd. 4. *See Korf v. State*, 290 Minn. 245, 187 N.W.2d 638 (1971) (considering a different statute which precluded revocation for conviction under an ordinance).

We have discussed this particular section before. *Byrd v. Commissioner of Public Safety*, 348 N.W.2d 402 (Minn.Ct.App. 1984). In *Byrd*, we found that the clause did not prevent consideration of offenses committed in other states for determining the number of offenses under Minn.Stat. § 169.121, subd. 4, because of the mandate from Minn.Stat. § 171.17(7) (1984). That section required that a license be revoked for an offense committed in another state if such offense would be grounds for revocation if committed here. We noted, however, that we were troubled by, the words in subdivision 4 "convicted of violating this section." *Id.* at 404.

Consequently, we agree with the appellant that the legislature determined that convictions under an ordinance should not be counted for purposes of determining penalties under Minn.Stat. § 169.121, subd. 4. We recognize that this conclusion may seem contrary to the legislative policy to treat multiple DWI offenders more strictly. *See, e.g.,* Minn.Stat. § 169.121, subd. 4 (1982); 1982 Minn.Laws ch. 423, § 5. However, we cannot add words to the statute which the legislature specifically deleted. "Neither the wisdom of the laws nor their adequacy to accomplish a desired purpose may be taken into consideration by courts in determining what interpretation the laws should have; we must give effect to them as they are, regardless of our personal opinion regarding their adequacy." *Norris Grain Co. v. Seafarers' Int'l Union*, 232 Minn. 91, 109–10, 46 N.W.2d 94, 105 (1950), *quoted in Meyer v. Illinois Farmers Insurance Groups*, 371 N.W.2d 535, 536

(Minn. July 26, 1985). The conviction on April 30, 1974, for a DWI in violation of a Bemidji ordinance should not be included for purposes of determining the number of offenses which appellant has under Minn. Stat. § 169.121.

2. The Commissioner requires, in this case, two years of verified abstinence before he will consider allowing appellant driving privileges. The Commissioner argues that this is authorized under Minn. Stat. § 169.121, subd. 4(d), which provides that a party shall have his license revoked as follows:

> Fourth or subsequent offense on the record: not less then two years, together with denial under section 171.04, clause (8), until rehabilitation is established in accordance with standards established by the commissioner.

■ As discussed earlier, the ordinance conviction cannot be considered for purposes of this subdivision. Appellant, for purposes of subdivision 4, has three convictions and only one in the last five years. Revocation for two years is not appropriate under Minn.Stat. § 169.121, subd. 4(d).

The Commissioner also "cancelled" and indefinitely "denied" all driving privileges until "rehabilitation" was established under Minn.Stat. §§ 171.14 and 171.04(8).

Minn.Stat. § 171.14 (1982) provides in relevant part:

> The commissioner may also cancel the driver's license of any person who, at the time of the cancellation, would not have been entitled to receive a license under the provisions of section 171.04.

Minn.Stat. § 171.04(8) (1982) provides:

> The department shall not issue a driver's license hereunder:
>
>     \*    \*    \*    \*    \*    \*
>
> (8) To any person when the commissioner has good cause to believe that the operation of a motor vehicle on the highways by such person would be inimical to public safety or welfare.

The issue therefore is whether the Commissioner was arbitrary and capricious in requiring two years of abstinence for a person who has had five incidents of alcohol-related driving offenses.

Appellant brought this challenge under Minn.Stat. § 171.19. In such a hearing, the petitioner has the burden of proving error by the Commissioner. *McIntee v. State, Dept. of Public Safety*, 279 N.W.2d 817, 821 (Minn.1979). The action of an administrative agency will not be reversed unless it is fraudulent, arbitrary, unreasonable, or outside its jurisdiction. *Krakowski v. City of St. Cloud*, 257 Minn. 415, 423, 101 N.W.2d 820, 826 (1960).

■ The trial court based its support of the revocation on chapter 7412 of the Minnesota Rules. However, those rules are not specifically applicable here because they apply to revocations, and, under our interpretation of the statute, appellant's license was not properly "revoked" under Minn.Stat. § 169.121, subd. 4(d). When there are no rules dealing with the proper length of rehabilitation required where there is "cancellation" and "denial" of driving privileges, and when the Commissioner cancelled the driving privileges pursuant to internal office policy, we must determine whether the Commissioner's decision is reasonable or arbitrary. *See Benson v. Commissioner of Public Safety*, 356 N.W.2d 799, 801 (Minn.Ct.App.1984). The Commissioner's decision was reasonable when he "cancelled" and "denied" the driving privileges of one who had five alcohol-related offenses. *See Schultz v. Commissioner of Public Safety*, 365 N.W.2d 304 (Minn.Ct. App.1985); *Hintz v. Commissioner of Public Safety*, 364 N.W.2d 486 (Minn.Ct.App. 1985), *pet. for rev. denied* (Minn. May 18, 1985).

Appellant also contends that the Commissioner uses different standards for rehabilitation when cancelling under section 171.14 than when revoking under the rules. The rules for penalties for convictions under the statute do provide for specific minimum lengths of time for abstinence before rehabilitation can be established. The rule also specifically states:

Nothing in this subpart shall be deemed to preclude the exercise of the commissioner's discretionary authority under Minnesota Statutes, section 171.04, clause (8), in such other cases as may be appropriate under the circumstances.

Minn.R. 7412.0400, subpt. 3 (1983). The rule recognizes that there will be situations such as appellant's which may require other appropriate action which is not covered under the rules. The Commissioner's action was reasonable and not contrary to his own rules.

■ 3. Appellant contends that he has met the minimum requirements for reinstatement under the rules. We disagree. The Commissioner has required a minimum of two years of verified abstinence before he will consider giving him a license. Appellant had not at the time of the petition met that minimum requirement.

4. Appellant contends that the trial court improperly quashed the subpoenas duces tecum. Rule 45.06 of the Minnesota Rules of Civil Procedure (1984) provides:

> Failure to obey a subpoena without adequate excuse is a contempt of court.

■ Appellant's petition was served and filed on December 6, 1984. The matter was scheduled to be heard on January 10, 1985, but was rescheduled to Saturday, January 12, 1985. The Commissioner's secretary was served with a subpoena on January 9, 1985, and the Director of Drivers' Licenses on January 10, 1985. Appellant contends it would therefore have been practically impossible to move to quash prior to the hearing. The Commissioner moved to quash at the hearing. The trial court initially ordered that the subpoenas be complied with insofar as documents were requested. At the conclusion of the hearing, the court held that there was no need to require the testimony of the witnesses who were subpoenaed or the specific documents referred to in the subpoena, and the subpoenas were quashed. Such a ruling is within the discretion of the trial court, and there is no showing here that the trial court abused its discretion.

We wish to specifically note that the Commissioner and his representatives are not immune from subpoenas.

### DECISION

The Commissioner properly considered all convictions on record for purposes of administrative sanctions. However, ordinance violations should not be considered for purposes of determining the proper length of revocations under Minn.Stat. § 169.121, subd. 4. The Commissioner was not inconsistent with his own rules and regulations nor arbitrary and capricious in requiring two years of abstinence before considering whether appellant was rehabilitated. Since appellant was not at the time of his hearing abstinent for two years, he had not met the Commissioner's standards. Finally, the trial court did not abuse its discretion in quashing appellant's subpoenas.

Affirmed.