**Rick Marven ASKILDSON, Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

No. C9–86–1872.

Court of Appeals of Minnesota.

April 7, 1987.

Review Denied May 28, 1987.

Dennis J. Holisak, Bloomington, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

## OPINION

LESLIE, Judge.

Appellant's driving privileges were reinstated after revocation, conditioned upon his total abstinence from alcohol. Appellant was later found intoxicated in a restaurant, and the incident was reported to the Commissioner. His driving privileges were again revoked, and he petitioned to the trial court for reinstatement. The trial court denied all relief and dismissed the petition, and appellant brings an appeal from the order. We affirm.

## FACTS

Appellant Rick Marven Askildson's driving privileges were revoked at various times under the DWI and implied consent

statutes as a result of violations occurring on August 30, 1975, April 24, 1976, January 6, 1984, and June 24, 1984. In addition, on July 26, 1984, all driving privileges were also canceled and indefinitely denied as "inimical to public safety" pursuant to Minn.Stat. §§ 171.14 and 171.04(8), until such time as appellant submitted satisfactory evidence of successful rehabilitation.

Appellant submitted proof of rehabilitation and his driving privileges were reinstated effective December 18, 1985. As a part of his reinstatement, he signed a form agreeing to total abstinence as a condition for receipt of driving privileges and stating that any use of alcohol coming to the attention of the Commissioner would subject him to immediate cancellation and denial of driving privileges. He was issued a "B Card" with his driver's license which indicated that any use of alcohol or controlled substances invalidated the license.

On April 18, 1986, at 11:53 p.m., a police officer responded to a complaint of an intoxicated person at a restaurant. The officer found appellant "extremely intoxicated" and "passed out" inside one of the restaurant's booths. The officer took appellant to a detoxification center and sent a report of the incident to the Commissioner of Public Safety. The Commissioner, acting on that report, summarily cancelled and denied appellant's driving privileges effective May 2, 1986.

Appellant petitioned the trial court for reinstatement of his driving privileges. He did not challenge the fact that he was using alcohol, but claimed the Commissioner exceeded his authority in requiring abstention and in cancelling driving privileges when the reported use of alcohol was not directly related to driving a motor vehicle. Appellant also claimed there had been no findings that his use of alcohol made him "inimical to public safety," or that rehabilitation is required. The trial court dismissed appellant's petition for reinstatement, and denied the relief requested. The appellant brings an appeal from the trial court order.

## ISSUES

1. Did the Commissioner exceed his authority and act in an arbitrary and capricious manner when he required appellant to abstain from the use of alcohol as a condition of reinstatement of driving privileges?

2. Was the Commissioner's cancellation and denial of appellant's driving privileges supported by adequate findings?

## ANALYSIS

1. The Commissioner cancelled appellant's driving privileges pursuant to Minn. Stat. §§ 171.04(8) and 171.14. Minn.Stat. § 171.04(8) (1986) states that the department shall not issue a driver's license "when the commissioner has good cause to believe that the operation of a motor vehicle on the highways by [a] person would be inimical to public safety or welfare." Minn.Stat. § 171.14 allows the commissioner to "cancel the driver's license of any person who, at the time of the cancellation, would not have been entitled to receive a license under the provisions of section 171.-04."

Appellant petitioned for judicial review pursuant to Minn.Stat § 171.19 (1984), seeking reinstatement of his driving privileges. In such proceedings, the petitioner has the burden of proving he is entitled to reinstatement. *McIntee v. State, Department of Public Safety*, 279 N.W.2d 817, 821 (Minn.1979). The decision to cancel or deny driving privileges rests with the Commissioner of Public Safety. Minn.Stat. § 171.25 (1986). There is a presumption as to the regularity and correctness of these administrative acts. *Antl v. State, Department of Public Safety*, 353 N.W.2d 240, 242 (Minn.Ct.App.1984). In general, we will not reverse the decision of an administrative agency unless the decision is fraudulent, arbitrary, unreasonable, or not within the agency's jurisdiction and power. *Id.* These principles apply to review of driver's license proceedings. *Id.*

Appellant contests the Commissioner's authority to require total abstinence as a continuing condition for retaining a driver's license, and his authority to cancel and

deny driving privileges for non-driving related use of alcohol. Appellant claims this is an attempt to control his private life. He asserts that without specific legislative authority, the Commissioner had no power to regulate non-driving use of alcohol; that the Commissioner's action here was arbitrary and capricious.

■ The legislature may delegate power to an administrative agency if the statute provides a reasonably clear policy to guide the administrative officers, so the law takes effect by its own terms, rather than according to the whim or caprice of the administrative officers. *Anderson v. Commissioner of Highways*, 267 Minn. 308, 311, 126 N.W.2d 778, 780 (1964). In *Anderson*, the driver, whose license was suspended for being a habitual violator of the traffic laws under Minn.Stat. § 171.-18(4), challenged the sufficiency of the standard expressed by the term "habitual violator." The court determined that the term must be viewed in light of the purpose for which the statute was enacted and noted:

It should be realistically conceded that in carrying out the objects of the statute the commissioner is required to make judgments based upon many and varied factors involving a great amount of detail.

*Id.* at 313, 126 N.W.2d at 781. The court upheld the Commissioner's interpretation of the rule and held that where it is impracticable to promulgate a definite comprehensive rule, as where application of a rule turns upon questions of qualifications of personal fitness, or where an act "relates to the administration of a police regulation which is necessary to protect the general health, welfare, and safety of the public" it is unnecessary to have a specific prescribed standard expressly stated in the legislation. *Id.* at 312, 126 N.W.2d at 781.

■ Thus, in the present case the Commissioner had the discretion to decide what conduct would render a driver "inimical to public safety." Administrative regulations promulgated by the Commissioner provide that he shall cancel and deny the driver's license of a person when there is sufficient cause to believe that he has consumed alcohol after completing rehabilitation. 8 Minn.R. 7503.1300, subpt. 3; 7503.1700, subpt. 6 (Supp. No. 2 1986). It was not arbitrary or capricious for the Commissioner to regulate non-driving related alcohol consumption in this case.

We have upheld the Commissioner's authority to require total abstinence from alcohol as a condition of reinstatement or a period of abstinence from alcohol prior to reinstatement. In *Antl*, 353 N.W.2d 240, a driver violated an abstinence condition of his driver's license reinstatement by an open bottle conviction, when he was a passenger in a vehicle. This court found that the trial court erred in concluding the open bottle violation during respondent's period of sworn abstinence was irrelevant to the proceedings. *Id.* at 243.

In *Mechtel v. Commissioner of Public Safety*, 373 N.W.2d 832 (Minn.Ct.App. 1985), we explained that the Commissioner partially discharges his duty to minimize the risk to the public by drunken motorists "by requiring repeating offenders to prove abstinence and sobriety for a prescribed period of time." *Id.* at 835; *See Phillippe v. Commissioner of Public Safety*, 374 N.W.2d 293, 296–97 (Minn.Ct.App.1985).

The abstinence requirement is not an attempt to control appellant's private life; instead, as the Commissioner states, it presented appellant with the choice of drinking or driving. Further, the fact that appellant was found intoxicated in a restaurant rather than a motor vehicle is irrelevant. It does not diminish the fact that appellant did not abide by the abstention requirement. *See* 8 Minn.R. 7503.1700, subpt. 4. The Commissioner was within his discretion in requiring a driver with appellant's record to maintain abstinence from alcohol as a condition for retaining his driver's license. The determination that appellant was "inimical to public safety," justifying cancellation and denial of appellant's driver's license, was also within the Commissioner's discretion.

■ 2. Appellant contends the Commissioner's decision to cancel driving privileges for non-driving related use of alcohol

was arbitrary and capricious. He claims the Commissioner failed to make the necessary finding that appellant was "inimical to public safety" or in need of rehabilitation. However, under the circumstances of this case, the Commissioner's summary cancellation and denial of driving privileges was appropriate. Appellant signed a written agreement wherein he agreed to abstain from alcohol and controlled substances for so long as he lived. He did this as a condition of reinstatement of his driving privileges. Appellant fully understood that any use of alcohol that was brought to the attention of the Commissioner would be grounds for an immediate cancellation of his privileges to drive. No finding that appellant was inimical to public safety was required. A violation of a condition of reinstatement is sufficient to support cancellation and these facts were subsequently verified at the district court proceeding.

Minn.Stat. § 171.19 provides that the trial court is to "take testimony and examine into the facts of the case to determine whether the petitioner is entitled to a license or is subject to revocation, suspension, cancellation, or refusal of license, under the provisions of this chapter * * *." The trial court made this determination, and the Commissioner's decision to cancel and deny appellant's driving privileges for his failure to abide by the abstinence requirement, was not arbitrary and capricious. The Commissioner's requirement of rehabilitation prior to license reinstatement is clearly based upon the appellant's record and violation of the abstinence requirement, *see* Minn.R. 7503.1600; 7503.1700; and the Commissioner's rationale has been adequately explained. *See Mechtel*, 373 N.W.2d at 836.

### DECISION

The order of the trial court is affirmed. Affirmed.