Glen Edwin THOMPSON,
petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. C2–96–2346.

Court of Appeals of Minnesota.

Aug. 5, 1997.

Review Denied Sept. 25, 1997.

Steven A. Nelson, International Falls, for Appellant.

Hubert H. Humphrey, III, Attorney General, Peter R. Marker, Assistant Attorney General, St. Paul, for Respondent.

Considered and decided by NORTON, P.J., and AMUNDSON and HOLTAN, JJ.

## OPINION

HARVEY A. HOLTAN, Judge *

On appeal from the denial of his petition for reinstatement of his school bus endorse-

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

ment, Glen Thompson argues the district court erred in interpreting Minn.Stat. § 171.3215, subd. 2 (Supp.1995), to find that revocation of his license under the implied consent statute required cancellation of his school bus endorsement. We affirm.

## FACTS

Appellant Glen Thompson's driver's·license was revoked for 90 days pursuant to Minn. Stat. § 169.123, subd. 4 (1994), after testing showed his alcohol concentration was over .10. Thompson pleaded guilty to a violation of Minn.Stat. § 169.122 (1994) (open bottle), but never was convicted of a violation of Minn.Stat. § 169.121 (1994 & Supp.1995) (driving while under the influence); Minn. Stat. § 169.129 (1994) (aggravated driving while under the influence); or a similar driving statute. The Department of Public Safety notified Thompson that the revocation of his driver's license required cancellation of the school bus endorsement on his license and that his endorsement could not be reinstated for five years.

Thompson petitioned the district court for reinstatement of his school bus endorsement. The parties submitted the case for decision based on stipulated facts and written memoranda. By the date of submission, the 90–day revocation period had expired and Thompson's driver's license had been reinstated.

The district court denied Thompson's petition for reinstatement. The court determined that Minn.Stat. § 171.3215, subd. 2 (Supp.1995), required cancellation of Thompson's school bus endorsement because his driver's license had been revoked under the implied consent statute and that Thompson was not entitled to reinstatement of his school bus endorsement for five years.

## ISSUE

Did the district court err in determining Thompson was not entitled to reinstatement of his school bus endorsement?

pointment pursuant to Minn. Const. art. VI,

## ANALYSIS

The decision whether to cancel a driver's license endorsement rests with the Commissioner of Public Safety. Minn.Stat. § 171.25 (1994); *Askildson v. Commissioner of Pub. Safety,* 403 N.W.2d 674, 676 (Minn. App.1987), *review denied* (Minn. May 28, 1987). A presumption of regularity and correctness attaches to this administrative act. *Id.* An appellate court generally will not reverse an administrative agency's decision unless the decision was fraudulent, arbitrary, unreasonable, or outside the agency's jurisdiction and power. *Id.*

A person whose driver's license endorsement has been cancelled may file a petition with the district court seeking reinstatement of the endorsement. *See* Minn. Stat. § 171.19 (1994) (driver's license cancellation). The district court's fact findings will not be reversed on appeal unless clearly erroneous. *See Berge v. Commissioner of Pub. Safety,* 374 N.W.2d 730, 732 (Minn.1985) (implied consent case). The interpretation of a statute, however, is a question of law reviewed de novo by this court. *Hibbing Educ. Ass'n· v. Public Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn.1985).

The object of statutory interpretation is to determine and give effect to the intent of the legislature. Minn.Stat. § 645.16 (1996). When the language of a statute is unambiguous, we must give effect to the statute's plain meaning. *Tuma v. Commissioner of Econ. Sec.,* 386 N.W.2d 702, 706 (Minn.1986).

Minn.Stat. § 171.3215, subd. 2 (Supp. 1995), provides:

Within ten days of receiving notice under section 631.40, subdivision 1a, or otherwise receiving notice for a nonresident driver, that a school bus driver has been convicted of a gross misdemeanor, or a violation of section 169.121, 169.129, or a similar statute or ordinance from another state, and within ten days of revoking a school bus driver's license under section 169.123, the commissioner shall cancel the school bus driver's endorsement on the offender's driver's license or the nonresident's privi-

§ 10.

lege to operate a school bus in Minnesota for five years.

In the present case, Thompson argues that the word "and" in Minn.Stat. § 171.3215, subd. 2, must be given its ordinary, conjunctive meaning. *See* Minn.Stat. § 645.08(1) (1996) (words in statute are construed according to their common usage). Thompson then claims that the plain language of Minn. Stat. § 171.3215, subd. 2, shows his school bus endorsement cannot be cancelled unless he has been convicted (a criminal action) of driving while under the influence or a similar driving offense *and* has had his license revoked under the implied consent statute (an administrative action).

These are two dissimilar sets of occurrences. In this context, "and" is not a conjunctive. When the word "and" is read in the context of the entire sentence, the plain language of Minn.Stat. § 171.3215, subd. 2, shows the Commissioner is required to cancel the school bus endorsement of a person who has been convicted of a driving while under the influence offense and also of a person whose driver's license has been revoked under the implied consent statute. The legislature used the word "and" in this context, instead of the word "or," because it repeated the phrase "within ten days" in each clause, but did not include any notice language in the revocation phrase. Grammatical errors such as this cannot eviscerate the law, and words and phrases may be added in aid of construction. Minn.Stat. § 645.18 (1996).

In any event, the common usage canon of construction may not be observed if it would produce "a construction inconsistent with the manifest intent of the legislature, or repugnant to the context of the statute." Minn.Stat. § 645.08 (1996); *see also Kugling v. Williamson*, 231 Minn. 135, 139, 42 N.W.2d 534, 538 (1950) (statutory words and phrases should be construed according to common and approved usage unless to do so would be inconsistent with the manifest intent of the legislature). It is well settled that

> laws relating to the revocation of driving privileges * * * are not "penal" in nature, but are remedial statutes intended for the protection of the public and are to be liberally construed towards that end.

*Szczech v. Commissioner of Pub. Safety*, 343 N.W.2d 305, 306 (Minn.App.1984). Further, the legislature intends to favor the public interest as against private interest. Minn. Stat. § 645.17(5) (1996).

> Moreover, various provisions of the same statute must be interpreted in the light of each other, and the legislature must be presumed to have understood the effect of its words and intended the entire statute to be effective and certain.

*Van Asperen v. Darling Olds, Inc.*, 254 Minn. 62, 74, 93 N.W.2d 690, 698 (1958).

Here, Minn.Stat. § 171.3215, subd. 2, goes on to provide that cancellation of a school bus endorsement "under section 169.121, 169.123, 169.129, *or* a similar statute" remains in effect for some drivers until they provide proof of completion of an alcohol treatment program. (Emphasis added.) In discussing the offenses that disqualify a driver from receiving a school bus endorsement, Minn.Stat. § 171.3215, subd. 3 (Supp.1995), refers three times to a violation of the driving while under the influence statutes *or* a revocation of the driver's license under the implied consent statute.[1] The use of the word "or" in all subsequent provisions of Minn.Stat. § 171.3215 shows the legislature intended that a driver who has been convicted of a driving while under the influence offense *or* has had his driver's license revoked under the implied consent statute cannot hold a school bus endorsement.

---

1. Minn.Stat. § 171.3215, subd. 3, provides that the Commissioner shall investigate to determine if the school bus endorsement applicant "has been convicted of * * * a violation of section 169.121, 169.129, or a similar statute * * * *or* if the applicant's driver's license has been revoked under section 169.123." (Emphasis added.) The Commissioner may not issue or renew a school bus endorsement for a person who "has

been convicted of committing a violation of section 169.121, 169.129, or a similar statute * * * *or* if the applicant's driver's license has been revoked under section 169.123." *Id.* (emphasis added). The statute uses similar language to specify who must submit proof of completion of an alcohol treatment program to receive a school bus endorsement. *Id.*

All of the statutory provisions regarding cancellation of driver's licenses and school bus driver endorsements must be read together. *See Foley v. Whelan*, 219 Minn. 209, 211, 17 N.W.2d 367, 369 (1945) ("[n]o act, or part of any act, or any section should be singled out for consideration apart from all the legislation on the subject"). These provisions clearly reflect the legislature's intent to sanction motor vehicle alcohol-related occurrences, both civil and criminal. Construing the statute in pari materia, as we must, revocation of a driver's license under Minn. Stat. § 169.123 is to be treated in the same manner as a conviction under the requisite alcohol-related criminal statutes. That is, the nondisqualifying revocations under Minn. Stat. § 169.123 must be treated in the same manner as a disqualifying offense.

Adopting Thompson's construction of Minn.Stat. § 171.3215, subd. 2, would conflict with the legislature's manifest intent by allowing a driver who has had his license revoked under the implied consent statute, but who has not been convicted of a driving while under the influence offense, to hold a school bus endorsement. Thompson's construction of Minn.Stat. § 171.3215, subd. 2, also would create an inconsistency in the statute by interpreting the section's first reference to the disqualifying offenses in one manner and all subsequent references in another.

Subdivision 2 of this section was amended in May 1995 by the First Special Session of the 79th Legislature by adding "**and other offenses**" to the heading. 1995 Minn. Laws 1st Spec. Sess. ch. 3, art. 2, § 46. The heading now reads "**Cancellation for disqualifying and other offenses.**" Prior to this amendment, the heading read "**Cancellation for disqualifying offense.**" Minn. Stat. § 169.123 is not defined as a disqualifying offense under Minn.Stat. § 171.3215, subd. 1 (Supp.1995). Headings of a section indicate that the legislature was aware that adjustments were necessary to cancel bus driver endorsements when a driver's license was revoked. *See* Minn.Stat. § 645.49 (1996) (headnotes are intended to indicate the con-

tents of the section). This recent amendment clearly indicates that the legislature intended to consider revocation of a driver's license under Minn.Stat. § 169.123 as an independent offense, which does not require it to be found to be a disqualifying offense to authorize cancellation of a bus driver's endorsement. It also indicates the drafter's understanding of the bill. *See Minnesota Express, Inc. v. Traveler's Ins. Co.*, 333 N.W.2d 871, 873 (Minn.1983) ("headings are relevant to legislative intent where they were present in the bill during the legislative process").

■ Because observance of the common usage canon of construction in this case would produce a result inconsistent with the legislature's manifest intent and repugnant to the context of the statute, we cannot apply this canon here. *See Maytag Co. v. Commissioner of Taxation*, 218 Minn. 460, 463, 17 N.W.2d 37, 39 (1944) ("and" may be construed as a disjunctive where the sense of the statute plainly requires it, thereby changing "and" to "or"). Instead, we must broadly construe the disputed language and interpret it in light of the legislature's intent and the statute's other provisions. Using this analysis, we conclude that a school bus endorsement must be cancelled under Minn.Stat. § 171.3215, subd 2, when the driver's license has been revoked under the implied consent statute.

## DECISION

The Commissioner properly cancelled the school bus endorsement to Thompson's driver's license within ten days of revoking Thompson's driver's license under the implied consent statute.

**Affirmed.**