## VILLAGE OF GOODVIEW v. WINONA AREA INDUSTRIAL DEVELOPMENT ASSOCIATION.

184 N. W. (2d) 662.

February 26, 1971—No. 42500.

*Dennis A. Challeen* and *Peterson & Challeen, Ltd.,* for appellant.

*Streater, Murphy, Brosnahan & Langford* and *Robert D. Langford,* for respondent.

Heard before Murphy, Rogosheske, Peterson, Kelly, and Odden, JJ.

MURPHY, JUSTICE.

Appeal from an order of the district court upholding a decision of the Minnesota Municipal Commission ordering a detach-

ment of certain property within the incorporated village of Goodview in a proceeding brought pursuant to Minn. St. 1967, § 414.06. It is contended that the order, which created an "island" of land surrounded by incorporated property and unconnected to the township of which it was made a part, is contrary to the statute and constitutes an abuse of discretion by the commission.

It appears from the record that the Winona Area Industrial Development Association (hereinafter referred to as "WAIDA"), a nonprofit corporation organized to develop the industrial potential of the Winona area, acquired 11.25 acres of land located within the village limits of Goodview, adjacent to the city limits of Winona. The land is in an area zoned for heavy manufacturing. Prior to WAIDA's purchase, the land had been owned by the Winona Sportsmen's Club, Inc., and was used as a shooting range. The land was at that time, and still is, used for agricultural purposes. After an abortive attempt for concurrent detachment from the village and annexation to the city of Winona by petition pursuant to § 414.06, subd. 2, failed because the village of Goodview refused to join in a resolution for that purpose, WAIDA proceeded by amended petition to the Minnesota Municipal Commission requesting that the land here in issue be detached from the village pursuant to § 414.06, the pertinent parts of which provide:

"Subdivision 1. Property which is situated within the corporate limits of and adjacent to the municipal boundary, unplatted, and occupied and used exclusively for agricultural purposes may be detached from the municipality according to the following procedure: The petition may be initiated * * * by all of the land owners of land to be detached if the area is less than 40 acres * * *.

\* \* \* \* \*

"Subd. 4. Pursuant to a hearing under this section * * *, the commission shall grant the petition for detachment if it finds that the requisite number of property owners have signed

the petition if initiated by the property owners, that the property is unplatted and used and occupied exclusively for agricultural purposes, that the property is within the boundaries of the municipality and is adjacent to a boundary, that the detachment would not unreasonably affect the symmetry of the settled municipality, and that the land is not needed for reasonably anticipated future development."[1]

Over objections of the village of Goodview, the commission, on September 4, 1969, issued its order declaring that the statutory prerequisites had been met and ordered detachment as requested by the petition. The effect of the detachment was to create an "island" of land, bounded on three sides by the village of Goodview and on the fourth side by the city limits of Winona, which reverted to Winona township. On appeal to the district court, the order of the commission was affirmed. The village of Goodview appeals from that order of the district court.

Appellant contends that the legislature never intended to empower the commission to create an "island" of land surrounded, as in this case, by land of two municipalities and unconnected with the township of which it became a part. It is contended that "it is imperative that the township abut the detached property" since the legislative intent behind § 414.06 was to allow property that is not needed within a municipality to be turned back to the township. The obvious answer to this argument is that the statute does not provide for the additional requirement claimed by appellant. Section 414.06 establishes no requirement that the land which is the subject of the proceeding abut the township

---

[1] Minn. St. 1967, § 414.06, was amended by L. 1969, c. 1146, § 15. The amended statute was applicable to proceedings before the Minnesota Municipal Commission initiated after June 10, 1969. The amended petition was filed with the commission on May 27, 1969. The requirements which must be met before a detachment can be effected are the same after the 1969 amendment as before it. Notably, before the 1969 amendment, the statute provided that, upon a showing of the necessary prerequisites, the commission "shall" authorize the detachment. The 1969 amendment changed the word "shall" to "may."

to which it belongs after detachment. Since the petition and supporting evidence fully establish compliance with all of the statutory conditions, it cannot be said that the commission acted beyond its jurisdiction.

The commission was aware of the result of its action and, in a memorandum, stated:

"* * * [I]f at a later date the use of the land changes such that municipal services are required, either of the adjacent municipalities could move to annex the property."

In affirming, the district court also recognized that the resultant "island" of land was something of an anomaly and expressed his view that the action did not result in good municipal planning but that affirmance was required nevertheless because the proceedings were properly brought and all necessary prerequisites to the detachment order, as provided by statute, had been met. See, Note, 50 Minn. L. Rev. 911.

With reference to the claim that the commission's order was unreasonable, arbitrary, and capricious, so as to constitute an abuse of administrative discretion, it is sufficient to say that we have uniformly stated that this court "will not disturb an administrative agency's determination because it does not agree with it and that it can only interfere where it appears that the agency has not kept within its jurisdiction, that it has proceeded upon an erroneous theory of law, or that its actions are arbitrary and unreasonable or without adequate support in the record." State ex rel. Saari v. State Civil Service Bd. 265 Minn. 441, 443, 122 N. W. (2d) 174, 175. See, generally, 3A Dunnell, Dig. (3 ed.) § 1402. In Brown v. Wells, 288 Minn. 468, 472, 181 N. W. (2d) 708, 711, we said:

"Where there is room for two opinions on the matter, such action is not 'arbitrary and capricious,' even though it may be believed that an erronerous conclusion has been reached."

Since we cannot say that the commission's decision was entirely wrong, there is no basis for substituting our judgment for that

of the commission upon a question which the commission is authorized by law to determine. Brown v. Wells, *supra.*

Affirmed.