## VILLAGE OF LAKEVILLE v. VILLAGE OF FARMINGTON.

211 N. W. 2d 897.

October 12, 1973—No. 43840.

*Hook & Lombardi* and *Julian Hook,* for appellant village of Lakeville.

*John J. McBrien* and *E. John Abdo,* for respondent petitioners for annexation and village of Farmington.

*Warren Spannaus,* Attorney General, *Curtis D. Forslund,* Solicitor General, and *Byron E. Starns,* Special Assistant Attorney General, for respondent Minnesota Municipal Commission.

PER CURIAM.

The village of Lakeville appeals from an order of the district court which affirms orders of the Minnesota Municipal Commission annexing portions of the township of Lakeville to the village of Farmington and consolidating a part of the township of Lakeville with the village of Lakeville. The history of these and related proceedings is set forth in Village of Farmington v. Minnesota Municipal Comm. 284 Minn. 125, 170 N. W. 2d 197 (1969). There, we reviewed an order of the commission which consolidated the township and village of Lakeville into a single municipality including 195 acres which the village of Farmington sought to annex. We reversed with directions to consolidate the two petitions, reconsider the entire matter, and enter findings, as the statute required. In compliance with our decision, the commission has conducted further hearings and has approved the annexation by Farmington of 8,144 acres which were a part of the township of Lakeville. We affirm.

1. All of the parties agree that these proceedings are governed by the 1969 amendments to Minn. St. c. 414 adopted after the petitions we previously reviewed had been litigated. The village of Lakeville argues that under Minn. St. 1967, § 414.03, subd. 4, the commission *"shall* approve [annexation] if it finds that the property to be annexed is now, or is about to become, urban or suburban in character," (italics supplied) while under the successor provision, Minn. St. 414.031, subd. 4, the word "shall" has been changed to "may." Thus it is inferred by Lakeville that the legislature no longer prefers annexation to consolidation as our prior decision suggested.

Lakeville further contends that the 16 factors enumerated in § 414.031, subd. 4, which the commission must consider in ordering annexation are not simply "guide[s]," which is the language of Minn. St. 414.021, subd. 3, governing consolidations, but are mandatory prerequisites concerning which the commission must make findings. We do not agree. Minn. St. 1967, § 414.03, subd. 4, provided that, as a guide in arriving at a determination, "the commission shall make findings as to the following factors." Minn. St. 414.031, subd. 4, simply provides: "In arriving at its decision, the commission shall consider the following factors." We have no difficulty in holding that by deleting the reference to findings the legislature intended to obviate that requirement.

2. The 1969 amendments to c. 414 added a number of factors to be considered by the commission in annexation proceedings. Lakeville complains that the evidence and findings are inadequate to satisfy Minn. St. 414.031, subd. 4, which provides in part:

"* * * In arriving at its decision the commission shall consider the following factors:

* * * * *

"(h) Existing or potential problems of environmental pollution and the need for additional services to avoid or minimize these problems."

Although the commission did not expressly deal with that factor, it did allude in its findings to the adequacy of facilities for sanitation and water and for the collection of garbage and rubbish. No issue was raised before the commission challenging the effect of the proposed annexation on pollution control, and no evidence was introduced to show the annexation posed a potential problem in this respect. Under these circumstances, we hold that failure to refer explicitly to that factor is not fatal to the proceedings.

3. Lakeville argues that there are no findings with respect to the ability of the township to "continue to carry on the functions of government without undue hardship." The commission did state in its memorandum that "[t]he consolidated Village and Town of Lakeville as ordered today will be a sound unit of government." In its conclusions of law, the commission held that the remaining area of the village of Lakeville, after the annexation, "can continue to carry on the functions of municipal government without undue hardship." We are satisfied that the consideration given these factors is adequate to satisfy the statute.

4. The village of Lakeville complains that failure to conduct a referendum in the affected area is a denial of due process of law. Under § 414.031, subd. 5, a referendum of the voters residing in the area must be held unless the proceedings for annexation have been initiated by a petition of a majority of the property owners within the area to be annexed. In the instant case, there were 208 property owners in the area of whom 117 signed a petition for annexation. Thus, the statutory requirements were met, as Lakeville concedes. Nevertheless, Lakeville asserts that the statute unconstitutionally deprives other residents, who are not property owners, of the right to have a voice in deciding the annexation issue. However, we decline to pass on the constitutionality of so important a question without a full presentation of the applicable law and facts. Lakeville has cited no authority for holding the statute unconstitutional, and we are not disposed to address ourselves to that issue on this record.

5. Finally, Lakeville urges us to reverse the commission because it refused to receive as evidence a petition by persons owning a majority of the property in the area indicating they opposed annexation to Farm-

ington. Actually, the petition was not offered in evidence after the chairman advised counsel that it would not be received as evidence although it could be submitted for what it was worth. We find no prejudice in the commission's proceeding as it did. Those who objected had a right to appear before the commission and testify if they so desired. The commission was not required as a matter of law to accept their petition in lieu of evidence having greater probative value.

6. These proceedings have been pending since 1965 and should now be expeditiously concluded. As we have repeatedly held, our function is not to interfere with an administrative commission's decision unless it appears that the commission has not kept within its jurisdiction or has proceeded upon an erroneous theory of law or acted arbitrarily and unreasonably without the support of substantial evidence. Lindgren v. City of Crystal, 295 Minn. 557, 204 N. W. 2d 444 (1973); Village of Goodview v. Winona Area Ind. Devel. Assn. 289 Minn. 378, 381, 184 N. W. 2d 662, 664 (1971). We find nothing in this record to indicate the commission has been derelict in any of the areas of its responsibility. Accordingly, its orders are affirmed.

Affirmed.

Mr. Justice Todd took no part in the consideration or decision of this case.

Mr. Justice Yetka and Mr. Justice Scott, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.