Otto William **SCHULTZ**,
Petitioner, Respondent,

v.

**COMMISSIONER OF PUBLIC
SAFETY, Appellant.**

No. C8–84–1549.

Court of Appeals of Minnesota.

April 2, 1985.

Dennis P. Moriarty, Shakopee, for petitioner, respondent.

Hubert H. Humphrey, III, State Atty. Gen., Joel A. Watne, Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and FOLEY and CRIPPEN, JJ.

## OPINION

SEDGWICK, Judge.

Respondent Otto William Schultz appealed an order denying all driving privileges pursuant to Minn.Stat. § 171.04(8) (1984). The Commissioner of Public Safety denied respondent's motion for reinstatement of his driving privileges. He appealed to the district court which remanded the matter to the Commissioner to consider additional evidence submitted by respondent. The district court strongly recommended that respondent be allowed a limited license for work purposes.

On remand the Commissioner again denied respondent's request and required five years verified total abstinence as a condition for reconsideration of respondent's request for driving privileges.

Respondent again appealed to the district court. The trial court ordered the Commissioner to grant respondent a limited license for work, the particular hours and monitoring system to be determined by the Commissioner. We reverse.

## FACTS

Respondent had four DWI convictions between 1967 and 1979. Twice in 1980 he had his license revoked under the implied consent statute.

Because of his record, on February 11, 1980, all driving privileges were denied as inimical to public safety under Minn.Stat. § 171.04(8), until he could demonstrate his rehabilitation to the Commissioner's satisfaction.

In December 1980 respondent requested reinstatement of his license. At a hearing, respondent testified that he had not used alcohol since January 1980. In fact, he refused to submit to a breath test only three days before his request for reinstatement. His request was denied.

In July 1981 respondent was involved in an accident which led to convictions for driving after revocation and giving false information to a police officer. Respondent testified he was "very drunk" on this occasion. Respondent again petitioned for reinstatement in February 1984.

At his hearing for reinstatement respondent was interviewed by the same driver safety analyst to whom he lied in December 1980. The analyst rejected reinstatement and advised respondent that, according to the agency's internal guidelines, he would have to demonstrate a minimum of

five years total abstinence before any privileges could again be considered.

Respondent appealed to the district court asserting the Commissioner's decision was arbitrary and an unreasonable abuse of discretion. At this hearing respondent presented two witnesses who testified that respondent maintained sobriety for two years and 10 months prior to the hearing. Respondent also submitted affidavits from his AA sponsor attesting to his sobriety, and his employer indicating that respondent's job requires a driver's license. The Commissioner offered no evidence.

The trial court remanded the matter to the Commissioner for reconsideration. It strongly recommended a limited license.

A second evaluation hearing was conducted before a different driver safety analyst. The Commissioner again denied respondent's request for reinstatement.

In July 1984, the district court ordered that the Commissioner issue a limited license with the restrictions to be determined by the Commissioner.

### ISSUE

Did the trial court err in ordering the Commissioner to issue a limited driver's license to respondent where he had not satisfied the requirements for license reinstatement under the Commissioner's internal guidelines?

### ANALYSIS

Respondent's license was revoked pursuant to Minn.Stat. § 171.04(8) (1982) which provides:

> [The department shall not issue a driver's license] to any person when the commissioner has good cause to believe that the operation of a motor vehicle by such person would be inimical to public safety or welfare.

Respondent petitioned the court for reinstatement of his driving privileges pursuant to Minn.Stat. 171.19 (1982) which provides:

> Any person whose driver's license has been refused, revoked, suspended, or canceled by the commissioner, except where the license is revoked under section 169.123, may file a petition for a hearing in the matter in the district court * * *.

■ The burden of proof is on the respondent to show that he is entitled to reinstatement. *McIntee v. State, Department of Public Safety*, 279 N.W.2d 817 (Minn.1977). Pursuant to Minn.Stat. § 171.19 (1982), if the petitioner shows he is entitled to a license the court shall render judgment accordingly.

The statutory definition of license includes every type of driving privilege including limited licenses for work purposes. Minn.Stat. § 171.01, subds. 1 and 14 (1982) and Minn.Stat. § 171.30 (1982).

Although the trial court made no finding that the Commissioner's order was arbitrary or capricious, respondent argues that the fact that the Commissioner followed his internal guidelines was error.

According to the Commissioner's office guidelines, any person with respondent's driving record must show three to five years of verified total abstinence. Relying on these informal guidelines the Commissioner required respondent to show five years of verified total abstinence. Respondent contends this requirement cannot be enforced because the internal guidelines do not have the force and effect of law because they were not promulgated pursuant to rule making under the APA or the abbreviated rule making procedures of Minn. Stat. § 14.38 provided by Minn.Stat. § 169.-128 (1982).

■ Although internal rules do not have the force and effect of law, the action of an administrative agency cannot be reversed unless it is fraudulent, arbitrary, unreasonable, or outside its jurisdiction. *Krakowski v. City of St. Cloud*, 257 Minn. 415, 101 N.W.2d 820 (1960).

■ This general principle of judicial review of administrative decisions is applicable to determinations regarding driving privileges. *Antl v. Commissioner of Pub-*

*lic Safety,* 353 N.W.2d 240 (Minn.Ct.App. 1984).

The trial court did not make findings that the Commissioner's action denying a limited license was arbitrary or unreasonable. Weighing respondent's record against the Commissioner's requirement of five years sobriety, the record supports the Commissioner.

Respondent's alcohol related driving offenses began in 1967 and continued at regular intervals until an accident in 1981 when his license was under revocation. He testified he was "very drunk" on that occasion. The last time he had a valid license was in 1978. Respondent had four separate inpatient treatments for alcoholism from 1978 to 1982. During that period the longest period of sobriety was three to four months. In 1980 he requested reinstatement of his license and lied to the Commissioner's representative claiming one year's sobriety. In fact, he had refused chemical testing three days prior to this interview.

Respondent seems to argue that his lying to the Commissioner is the primary factor preventing reinstatement. The record reflects, however, that this was just one incident in a long term history of drinking and driving, including an accident while he was very drunk. In addition, respondent had little or no success with past inpatient treatments. Considering that respondent was a threat to public safety for more than 14 years, the Commissioner was well within its discretion in requiring five years of continued sobriety prior to reinstatement.

The record does not support respondent's claim that others with this history have been treated differently. *See also Hintz v. Commissioner of Public Safety,* 364 N.W.2d 486 (Minn.Ct.App.1985).

■ Although the Commissioner's decision is subject to review, the district court does not have de novo review. The fact that the trial court would have decided the case differently, does not mean the trial court can substitute its judgment for that of the Commissioner.

Minn.Rule 7412.0400, subp. 3 (1984), provides:

**Commissioner's discretion.** Nothing in this subpart shall be deemed to preclude the exercise of the commissioner's discretionary authority under Minnesota Statutes, section 171.04, clause (8), in such other cases as may be appropriate under the circumstances.

■ Under this authority, the Commissioner has the discretion to impose reasonable requirements before consideration for license reinstatement.

## DECISION

■ In light of respondent's driving record, the Commissioner's requirement of five years abstinence before reconsideration for license reinstatement was reasonable. The trial court made no finding that this requirement was unreasonable and an abuse of discretion. The trial court erred in reversing the Commissioner.

Reversed.