Charles Myron MECHTEL,
Petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC SAFETY, Appellant.

No. CO–85–101.

Court of Appeals of Minnesota.

Sept. 3, 1985.

John P. Sheeny, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

CRIPPEN, Judge.

The Commissioner of Public Safety appeals from a district court decision to reinstate a DWI offender's driver's license. We reverse.

## FACTS

The Commissioner of Public Safety revoked respondent's driving privileges, effective April 13, 1982, as a result of DWI violations committed on November 24, 1979, January 11, 1981, and March 15, 1982. The revocation was to remain in effect until respondent was able to demonstrate his rehabilitation to the satisfaction of the Commissioner.

Respondent's driving privileges were reinstated on October 29, 1982, with the condition that he remain abstinent from alcohol. The department noted that any use of alcohol would be grounds for immediate cancellation and indefinite denial of all driving privileges.

On July 18, 1983, respondent was again arrested on a DWI charge. He refused to submit to testing of his blood-alcohol level, and his driver's license was revoked under the implied consent statute. *See* Minn. Stat. § 169.123 (1982). The implied consent revocation was later rescinded, but respondent was nonetheless denied further driving privileges pursuant to Minn.Stat. § 171.04(8), based on a belief his driving was "inimical to public safety," and in accordance with conditions of the October 1982 reinstatement agreement.

In November 1983, respondent requested that his driving privileges be returned. The Commissioner denied the request and advised respondent that the restoration of his driving privileges would not be considered until he could demonstrate a minimum of two years of alcohol abstinence.

In August 1984, respondent twice petitioned the Department of Public Safety for the return of his driver's license. At that time, he demonstrated that he had been abstinent from alcohol for one year and was under treatment for alcoholism. A Carver County chemical dependency evaluator testified that respondent had made great improvements in his lifestyle and had remained sober since August 1983. Nonetheless, the Commissioner denied the petitions and again advised respondent that he would have to demonstrate two years of abstinence from alcohol before the Commissioner would consider the restoration of his driving privileges.

Pursuant to Minn.Stat. § 171.19, respondent petitioned the district court for review of the Commissioner's finding. The court found that the Commissioner's finding was arbitrary and capricious in light of respondent's apparent rehabilitation and restored respondent's driving privileges.

## ISSUE

Was the refusal of the Commissioner of Public Safety to restore respondent's driving privileges properly set aside by the trial court?

## ANALYSIS

### 1.

■ The action of an administrative agency is normally accorded considerable deference by a reviewing court. An agency's decision will be allowed to stand unless the action is "[u]nsupported by substantial evidence in view of the entire record as submitted," or is "arbitrary and capricious." Minn.Stat. § 14.69(e), (f) (1984).

Respondent argues that a trial court should have broader discretion in license reinstatement cases. Respondent peti-

tioned the district court pursuant to Minn. Stat. § 171.19. Section 171.19 states:

Any person whose driver's license has been refused, revoked, suspended, or canceled by the commissioner * * * may file a petition for a hearing in the matter in the district court in the county wherein such person shall reside and, in the case of a non-resident, in the district court in any county, and such court is hereby vested with jurisdiction, and it shall be its duty, to set the matter for hearing upon 15 days' written notice to the commissioner, and thereupon to take testimony and examine into the facts of the case to determine whether the petitioner is entitled to a license or is subject to revocation, suspension, cancellation, or refusal of license, under the provisions of this chapter, and shall render judgment accordingly. The petition shall be heard by the court without a jury and may be heard in or out of term. The commissioner may appear in person, or by his agents or representatives, and may present his evidence upon the hearing by affidavit by himself, his agents, or representatives. The petitioner may present his evidence by affidavit, except that the petitioner must be present in person at such hearing for the purpose of cross-examination. In the event the department shall be sustained in these proceedings, the petitioner shall have no further right to make further petition to any court for the purpose of obtaining a driver's license until after the expiration of one year after the date of such hearing.

Minn.Stat. § 171.19.

■ Under this section, the district court may consider evidence and examine the facts of the case. However, we have previously held that the reviewing court must employ the "arbitrary and capricious" standard for driver's license reinstatement cases. *See Schultz v. Commissioner of Public Safety*, 365 N.W.2d 304, 306 (Minn. Ct.App.1985). Past cases of this court and the Minnesota Supreme Court establish that a reviewing court is not to substitute its judgment for the judgment of the ad-

ministrator. *See, e.g., Schultz,* 365 N.W.2d at 307; *Village of Goodview v. Winona Area Industrial Development Association,* 289 Minn. 378, 381, 184 N.W.2d 662, 664 (1971).

■ The Commissioner of Public Safety is vested with the power to refuse a driver's license "[t]o any person when the Commissioner has good cause to believe that the operation of a motor vehicle on the highways by such person would be inimical to public safety or welfare * * *." Minn. Stat. § 171.04(8) (1984). The burden of proof is on the respondent to show he is entitled to the reinstatement of driving privileges. *McIntee v. State, Department of Public Safety,* 279 N.W.2d 817, 821 (Minn.1977).

2.

■ We conclude that the Commissioner acted reasonably, not arbitrarily, in this case and that respondent has not carried his burden of proof. The Commissioner established reasonable standards for reinstatement, and respondent has not yet qualified for restoration of his privileges pursuant to those standards.

a.

Respondent argues that the Commissioner acted arbitrarily and capriciously because the standards for reinstatement were unreasonable and did not follow established guidelines. Regulations of the Department of Public Safety state that if the defendant has three or more DWI offenses within a five year period, the driver's license will be revoked and suspended until one year after surrender of the license certificate to the commissioner; and also denied under authority of Minnesota Statutes, section 171.04, clause (8), until such time as the person demonstrates rehabilitation to the commissioner's satisfaction.

Minn.R. § 7412.0400, subpt. 1(C) (1983).

Here the Commissioner required respondent to demonstrate two years of verified alcohol abstinence before his driving privileges would be restored. Respondent argues that the two-year requirement is contrary to Minn.R. § 7412.0400, subpt. 1(C), and therefore constitutes an abuse of discretion. We disagree. Minn.R. § 7412.-0400, subpt. 3 states:

Nothing in this subpart shall be deemed to preclude the exercise of the commissioner's discretionary authority under Minnesota Statutes, section 171.04, clause (8), in such other cases as may be appropriate under the circumstances.

*Id.*

It is clear from the language of section 7412.0400, subpt. 3 that the Commissioner reserves the power to subject the respondent to stricter requirements than those stated in Minn.R. § 7412.0400, subpt. 1(C).

b.

The district court found the standards established by the Commissioner to be arbitrary and capricious because they did not treat alcoholism as an "ongoing disease" and failed to recognize that rehabilitation was "more than just abstinence for a stated period." This overstates the case.

The Commissioner of Public Safety is charged with the responsibility of minimizing the risk to the public caused by drunken motorists. He partially discharges that duty by requiring repeating offenders to prove abstinence and sobriety for a prescribed period of time. Driving privileges are restored only when the offender has a clear understanding and acceptance of his condition. The passage of a prescribed time of abstinence is a plausible indicator of the offender's understanding and acceptance.

c.

■ Finally, respondent argues that the Commissioner's decision was arbitrary because it was based on insufficient findings and conclusions. It is true that in contested cases, an administrative decisionmaker is required to provide written reasons for its decision. Minn.Stat. § 14.62, subd. 1 (1984) states:

Every decision and order rendered by an agency in a contested case shall be in writing, shall be based on the record and

shall include the agency's findings of fact and conclusions on all material issues. A copy of the decision and order shall be served upon each party or his representative and the administrative law judge by first class mail.

*Id.*

We recently stated that:

[n]ormally, an agency decision not supported by written findings and conclusions will be held arbitrary and capricious because the decision 'represents the agency's will rather than its judgment.'

*In re Wastewater Treatment Facilities,* 366 N.W.2d 118, 121 (Minn.Ct.App.1985) (quoting *Peoples Natural Gas Company v. Minnesota Public Utilities Commission,* 342 N.W.2d 348, 352 (Minn.Ct.App. 1983). Moreover, judicial intervention must occur when an administrative order fails to give "reasoned consideration to all material facts and issues." *Greater Boston Television Corp. v. FCC,* 444 F.2d 841, 851 (D.C.Cir.1970), *cert. denied,* 403 U.S. 923, 91 S.Ct. 2229, 29 L.Ed.2d 701 (1971). *See Reserve Mining Co. v. Herbst,* 256 N.W.2d 808, 824–825 (Minn.1977). An agency decisionmaker's failure to provide an adequate statement of findings and conclusions makes it more difficult to see whether he gave "reasoned consideration to all material facts and issues."

The Commissioner in this case expressly based his decision on a demand for two years of abstinence. The Commissioner's evaluator remarked in a written report that a treatment center noted respondent's prognosis as only fair and that a previous attempt at rehabilitation had failed. Respondent's prior convictions relate obviously to the Commissioner's decision, and that is also true of respondent's prior conditional reinstatement, the further revocation of his license, and the declaration upon this revocation that two years' abstinence would be required. We conclude that the commissioner's rationale has been adequately explained.

## DECISION

The Commissioner acted reasonably in refusing to reinstate respondent's driving privileges and imposed reasonable standards for respondent to follow. The district court erred in deciding not to sustain the Commissioner.

Reversed.