Robert Carl STAVLO,
Petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. C3-85-1498.

Court of Appeals of Minnesota.

Jan. 14, 1986.

Michael L. Perlman, St. Louis Park, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by FOLEY, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

FOLEY, Judge.

The Commissioner of Public Safety denied appellant's driving privileges after appellant had received at least four DWI convictions. Appellant unsuccessfully petitioned the district court for reinstatement. He now appeals to this court, contending that the Commissioner abused his discretion. We affirm.

## FACTS

Appellant's driving privileges were revoked under the driving while under the influence or implied consent statutes for violations committed on June 4, 1971, October 3, 1971, April 10, 1973, November 18, 1977, and March 23, 1980; at least four of these violations were DWI convictions. In addition, all driving privileges were indefinitely "denied" as inimical to public safety on March 21, 1978, and again on August 8, 1980, pursuant to Minn.Stat. § 171.04(8) (1980). The August 8, 1980, denial arose from appellant's aggravated DWI conviction on March 23, 1980. Appellant's driving record with the Department of Public Safety reflects that he committed a number of DWI violations at times following his "completion" of rehabilitation treatment on February 22, 1973 and again on June 14, 1974.

Appellant requested reinstatement of his driving privileges six times: On April 2, 1979, May 11, 1979, November 20, 1979, March 24, 1982, April 4, 1985, and May 3, 1985. Reinstatement was denied on each occasion, after a hearing before a driver's license evaluator.

At the April 4, 1985, request, appellant appeared before Driver's License Evaluator Paul R. Johnson, requesting reinstatement. Johnson denied the request, noting that appellant had been through treatment and rehabilitation on two prior occasions, and that the evidence submitted by appellant was outdated. Appellant was informed it was doubtful that he would ever again obtain driving privileges in Minnesota.

At the May 3, 1985, request, appellant again had a hearing with Johnson. Appellant provided Johnson with five affidavits, four from Alcoholics Anonymous members and one from his employer, as well as a report showing his completion of the chemical dependency treatment. Johnson again denied the reinstatement, noting that appellant had not submitted enough information, and informing appellant that because it was his third attempt at rehabilitation, it was doubtful that the Department of Public Safety would ever license him again.

After a hearing, the trial court dismissed appellant's petition for reinstatement of his driving privileges and denied the relief requested in all respects. Appellant then brought this appeal.

### ISSUE

Was the Commissioner's denial of reinstatement of appellant's driving privileges arbitrary, unreasonable, and an abuse of discretion?

### ANALYSIS

■ The Commissioner of Public Safety denied appellant's driving privileges indefinitely under Minn.Stat. § 171.04(8) (1980), which provides:

The department shall not issue a driver's license hereunder:

   *    *    *    *    *    *

To any person when the commissioner has good cause to believe that the operation of a motor vehicle on the highways by such person would be inimical to public safety or welfare;

The appellant filed a petition in district court for reinstatement of his license. Minn.Stat. § 171.19 (1984). The appellant had the burden of proof to show that he was entitled to reinstatement. *McIntee v. State, Department of Public Safety*, 279 N.W.2d 817, 821 (Minn.1979); *Hintz v. Commissioner of Public Safety*, 364 N.W.2d 486, 488 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. May 20, 1985).

■ The decision to cancel or deny driving privileges rests with the Commissioner of Public Safety, Minn.Stat. § 171.25 (1984), and there is a presumption of regularity and correctness to his administrative acts. *Antl v. State, Dept. of Public Safety*, 353 N.W.2d 240, 242 (Minn.Ct.App. 1984). However, if the Commissioner abused his discretion, his decision may be reversed by the trial court or this court. *Id.*

In this case the Commissioner denied appellant's driving privileges pursuant to promulgated rules. The rules provide that for the fourth or subsequent offense on the record,

the license shall be revoked and suspended until one year after surrender of the license certificate to the commissioner; and also denied under Minnesota Statutes, section 171.04, clause (8), until such time as rehabilitation has been established in accordance with item C.

Minn.R. 7412.0400, subpt. 1(E) (1985). Subpart C provides in relevant part:

The first time, evidence of rehabilitation shall include not less than six months of total abstinence verified as may be prescribed by the commissioner, and successful completion of a chemical dependency treatment program acceptable to the commissioner or such alternative evidence as may be approved by the commissioner in the individual case, before any license or limited license is issued.

If a person has filed evidence of rehabilitation once and has resumed the use of alcohol or controlled substance, the required evidence of rehabilitation shall be as indicated above, except that one year of verified total abstinence shall be required before any license or limited license is issued.

In any subsequent situation, rehabilitation shall be as prescribed by the commissioner on a case-by-case basis.

Minn.R. 7412.0400, subpt. 1(C) (1985).

Appellant acknowledges that the Commissioner may review his situation on the case-by-case basis as provided in the rules. He argues, however, that denial of his driv-

ing privileges after treatment and five years of total verified abstinence is unreasonable and unfair.

The Commissioner contends that when he is faced with an applicant who has professed rehabilitation before, only to resume or continue drinking and driving, his duty to the citizens of this state mandates that the indefinite denial provided for by section 171.04(8) continue in effect until such time as he can be satisfied that it is safe to expose the rest of the public to the risks of sharing the roadways with the applicant. He contends that the appellant has failed to demonstrate the trial court committed any error in concluding that appellant failed to bear his burden of proving that he is entitled to the reinstatement of driving privileges under the law of this State.

Appellant argues that his case is similar to the facts in *Schultz v. Commissioner of Public Safety*, 365 N.W.2d 304 (Minn.Ct. App.1985). In *Schultz*, the driver had four DWI convictions in a 12-year period, and his license was revoked twice under the implied consent law. He also had four separate unsuccessful inpatient treatments for alcoholism, from 1978 to 1982, and the last time he had a valid license was in 1978.

The Commissioner denied Schultz driving privileges under section 171.04(8), and relying on internal guidelines, required five years of total abstinence prior to reinstatement. The trial court, which did not make any findings that the Commissioner's action was arbitrary or unreasonable, ordered the issuance of a limited license to the driver. This court reversed, finding that even though the Commissioner's informal guidelines did not have the force and effect of law, the Commissioner acted within his discretion in requiring five years of abstinence before reconsidering a request for reinstatement, considering the driver's long

history of drinking and driving and his lack of success with treatment.

Appellant contends that his record, which is no worse than Schultz's, and is arguably better, demonstrated five full years of total verified abstinence, yet the Commissioner refused to reinstate his driving privileges. He contends the Commissioner's refusal was arbitrary and unreasonable in light of prevailing standards.

*Schultz* does not compel reinstatement in this case and is distinguishable for several reasons. First, appellant here resumed drinking after two rehabilitations and reinstatements of driving privileges. While Schultz underwent four treatments, there is no indication that he received reinstatement based on rehabilitation. In addition, this court held in *Schultz* that the requirement of five years of sobriety was reasonable. *Schultz* made no decision as to whether the driver was *entitled* to reinstatement upon a showing of five years of abstinence.

Appellant points to this court's decision in *Mechtel v. Commissioner of Public Safety*, 373 N.W.2d 832 (Minn.Ct.App. 1985), in which we noted that the Commissioner requires repeat offenders to "prove abstinence and sobriety for a prescribed period of time." *Mechtel*, 373 N.W.2d at 835. He contends that he has achieved sobriety for the period prescribed for him by the Commissioner and that the Commissioner is arbitrary and capricious in now denying reinstatement. Again, there was no holding in *Mechtel* that upon the passage of the period of abstinence, the driver is entitled to reinstatement.

■ Under the facts of this case, the Commissioner was not required to grant reinstatement upon a showing of five years of total abstinence.[1] Instead, the Commissioner must review the case on its own

---

1. The Commissioner has adopted new rules relating to license revocation for alcohol- and controlled-substance-related incidents, 10 Minn. Adm.Reg. 1427 (1985) (to be codified at Minn.R. 7503.0100–.2200), as permitted by the legislature. Minn.Stat. § 169.128 (Supp.1985). The rules provide, in relevant part, that the Commissioner shall cancel and deny the driving privi-

leges and driver's license of a person who uses alcohol or a controlled substance after rehabilitation, and that if a person uses alcohol or a controlled substance after a second rehabilitation, the person's driving privileges or driver's license shall not be renewed. 10 Minn.Admin. Reg. at 1430 (to be codified at Minn.R. 7503.-1700, subpt. 6).

facts and make a decision on that basis. The Commissioner did not abuse his discretion in denying appellant's request to reinstate his driving privileges. Nor will this court substitute its judgment for the judgment of the Commissioner. *Mechtel,* 373 N.W.2d at 834–35.

## DECISION

The Commissioner did not abuse his discretion in denying appellant's request to reinstate his driving privileges.

Affirmed.