Ronald Bruce LARSON,
Petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC
SAFETY, Appellant.

No. CX–87–238.

Court of Appeals of Minnesota.

May 12, 1987.

Bernard E. Johnson, Johnson & Doran, Columbia Heights, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Mary Magnuson, Sp. Asst. Attys. Gen., St. Paul, for appellant.

Heard, considered and decided by PARKER, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

PARKER, Judge.

Respondent Ronald Larson's driving privileges were cancelled and denied as inimical to public safety. He successfully petitioned the trial court for reinstatement, and the Commissioner of Public Safety appeals. We reverse.

## FACTS

Ronald Larson's driving privileges were revoked under the DWI and implied consent laws as a result of alcohol-related offenses occurring in 1966, 1979 and 1981. Following the 1981 incident, Larson attend-

ed a special review and was required to complete a program successfully, which he did by early 1982.

On January 20, 1986, Larson was charged with gross misdemeanor DWI violations and he submitted to an Intoxilyzer test, which disclosed an alcohol concentration of .15. The trooper served Larson with notice and order of revocation pursuant to Minn.Stat. § 169.123 (1986); Larson did not file a timely request to contest this revocation. In addition to the implied consent revocation, the Commissioner canceled and denied Larson's driving privileges as inimical to public safety because the January 20 incident was his fourth alcohol-related incident on record and because it occurred after the special review. Larson was acquitted of the contemporaneous criminal charges.

On September 30, 1986, Larson had a hearing before one of the Commissioner's driving improvement specialists. The specialist advised Larson of the requirements for reinstatement, which included establishing rehabilitation, and also told him that no driving privileges could be considered until he could demonstrate, at a minimum, one year of total abstinence. Larson stated that the last time he used alcohol was on September 3, 1986.

Larson then petitioned the trial court for reinstatement pursuant to Minn.Stat. § 171.19 (1986), arguing that he was entitled to reinstatement because he was acquitted on the gross misdemeanor charges, he had shown responsibility as an Air Force Reserve technician, and he was maintaining sobriety.

The trial court made the following findings of fact: Larson has been a United States Air Force Reserve Technician for 15 years, assigned to the 934 Technical Air Group, and has been a member of the United States Air Force Reserves for 20 years. Larson was acquitted on charges of gross misdemeanor DWI and driving while over .10. Larson no longer uses alcoholic beverages and has shown responsibility and ability to make decisions in difficult situations, as evidenced by exhibits which refer to Larson's expertise and motivation while working in his Reserve unit.

Based on those findings, the trial court ordered immediate reinstatement of the driving privileges. The Commissioner of Public Safety appeals.

## ISSUE

Did the trial court err in ordering reinstatement of Larson's driving privileges?

## DISCUSSION

Larson's driving privileges were canceled and denied pursuant to Minn.Stat. § 171.-04(8) (1986), which provides that the Commissioner shall not issue a driver's license to a person when the Commissioner has good cause to believe that the operation of a motor vehicle by that person would be "inimical to public safety." As a condition of reinstatement, the Commissioner required Larson to demonstrate successful rehabilitation and meet certain other requirements. Larson did not make the required showings and instead petitioned the trial court for reinstatement pursuant to Minn.Stat. § 171.19 (1986).

A petitioner in proceedings held pursuant to section 171.19 has the burden of proving entitlement to reinstatement. *McIntee v. State, Department of Public Safety*, 279 N.W.2d 817, 821 (Minn.1979); *Stavlo v. Commissioner of Public Safety*, 379 N.W.2d 669, 671 (Minn.Ct.App.1986). There is a presumption of regularity to the administrative acts of the Commissioner. *Antl v. State, Department of Public Safety*, 353 N.W.2d 240, 242 (Minn.Ct.App. 1984). The decision of an administrative agency will not be reversed unless it is fraudulent, arbitrary, unreasonable or not within the jurisdiction of the agency. *Id.* If the Commissioner abused his discretion in refusing to reinstate, the court would have the authority to order the Commissioner to reinstate. *State v. Hanson*, 356 N.W.2d 689, 693 (Minn.1984).

In ordering immediate reinstatement of Larson's driving privileges, the trial court relied on Larson's acquittal on the gross misdemeanor charges, his showing of re-

sponsibility as an Air Force Reserve Technician, and the fact that he was maintaining sobriety and no longer using alcoholic beverages. However, it did not make findings, and Larson apparently made no showing, that Larson had met the rehabilitation requirements set by the Commissioner.

In the past the Commissioner has been challenged for using standards for reinstatement which did not follow established guidelines. *See, e.g., Mechtel v. Commissioner of Public Safety,* 373 N.W.2d 832, 835 (Minn.Ct.App.1985). Rules have been promulgated providing standards for reinstatement, and the Commissioner has applied those rules here. Minn.R. 7503.1600.-C. (Supp. No. 2 1986), which governs reinstatement following license cancellation, provides:

> If the incident is the third alcohol- or controlled-substance-related incident within a five-year period, or the third such incident on record and a special review was conducted after the second incident, or if the person has four or more such incidents on record, the person must complete rehabilitation.

The rehabilitation requirements include successful treatment for chemical dependency, participation in a generally recognized, ongoing chemical awareness program, abstention from the use of alcohol for a certain prescribed period, and an appearance at a rehabilitation interview. Minn.R. 7503.1700, subp. 2. The rules also detail the evidence required. Minn.R. 7503.1700, subps. 3–5.

The determination the trial court must make is whether, *considering the rules,* the Commissioner was arbitrary and capricious. While the trial court found Larson is maintaining sobriety, there was no showing that he met the other requirements. The trial court made no findings that the Commissioner's actions were arbitrary or unreasonable. *Schultz v. Commissioner of Public Safety,* 365 N.W.2d 304, 307 (Minn.Ct.App.1985). Its reliance on the fact that Larson was acquitted on the criminal charges is error. An acquittal does not invalidate the implied consent revocation based on the same incident. *Han-*

*son,* 356 N.W.2d at 692. Nor does it affect a cancellation under section 171.04(8). The reasons cited by the court are not relevant to the determination which it has the authority to make; the court may not disregard the rules.

The trial court erred in reinstating Larson's driving privileges, because the requirements for reinstatement have not been met. Under the facts of this case, the Commissioner did not abuse his discretion when he denied reinstatement.

### DECISION

The trial court's order reinstating respondent's driving privileges is reversed.

Reversed.