Ronald Duane MAGOON, Petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC SAFETY, Appellant.

No. C7–92–1703.

Court of Appeals of Minnesota.

Feb. 2, 1993.

James D. Hoeft, Barna, Guzy & Steffen, Ltd., Minneapolis, for respondent.

Hubert H. Humphrey III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by CRIPPEN, P.J., and DAVIES, and AMUNDSON, JJ.

## OPINION

CRIPPEN, Judge.

Respondent Ronald Duane Magoon, whose driver's license was canceled in 1986 and again in 1991, was denied a limited license he sought in 1992. The Commissioner of Public Safety appeals the trial court's decision ordering issuance of a limited license.

## FACTS

Respondent's driving privileges were revoked in 1981, 1984 and 1985, following alcohol-related incidents. As a result, all driving privileges were canceled as "inimical to public safety" pursuant to Minn.Stat. § 171.14 (1984) and Minn.Stat. § 171.04, subd. 1(8) (1984).[1] Respondent met the rehabilitation requirements and regained his driving privileges in 1988; however, his right to a license was conditioned on his promise to completely abstain from using alcohol. On May 28, 1991, police were summoned to a bar because respondent was drunk and threatening to shoot someone. His alcohol concentration level was .25. Because respondent violated the abstinence condition, the Commissioner canceled his license pursuant to Minn.R. 7503.1300, subpt. 3 (Supp.1992) and Minn.R. 7503.-1700, subpt. 6 (Supp.1992).[2]

In November 1991, respondent requested a limited license for work purposes. *See* Minn.Stat. § 171.30 (1990) (permitting Commissioner to issue limited licenses, prescribing general standards). The Commissioner denied his request because he was not eligible under the law. Minn.R. 7503.1800, subpt. 2 (Supp.1992) prohibits the Commissioner from issuing a limited license to a person whose driving privileges are canceled. Minn.R. 7503.1600 (Supp.1992) prohibits issuance of a limited license after license cancellation, unless the applicant has completed rehabilitation. *Id.* Minn.R. 7503.1700, subpt. 6, covering persons who have failed to abstain from using alcohol after first meeting rehabilitation requirements, similarly prohibits reinstatement of driving privileges "until the rehabilitation requirements of this chapter have been completed." *Id.*

Minn.R. 7503.1700, subpt. 2 (Supp.1992) provides rehabilitation requirements. It requires successful treatment for chemical dependency, participation in an ongoing support group, a rehabilitation interview, and abstention from alcohol use "for the period prescribed in subpart 5." *Id.* Subpart 5 states that a person who has completed rehabilitation once before must abstain for three years. *Id.* at subpt. 5. Because respondent failed to meet the three-year abstinence requirement, the Commissioner determined he was not eligible for a limited license.

---

1. Minn.Stat. § 171.14 (1984) states
   The commissioner may also cancel the driver's license of any person who, at the time of the cancellation, would not have been entitled to receive a license under the provisions of section 171.04.
   Minn.Stat. § 171.04 (1984) states that the commissioner shall not issue a driver's license
   (8) To any person when the commissioner has good cause to believe that the operation of a motor vehicle on the highways by such person would be inimical to public safety or welfare.

2. Minn.R. 7503.1300, subpt. 3 (Supp.1992), which took effect May 6, 1991, provides as follows:

   The Commissioner shall cancel and deny the driver's license or driving privilege of a person whose license or privilege has been reinstated after completion of rehabilitation when the commissioner has sufficient cause to believe that the person has consumed alcohol or a controlled substance since the documented date of reinstatement.

   Minn.R. 7503.1700, subpt. 6 (Supp.1992) provides similarly:
   The commissioner shall cancel and deny the driver's license and driving privilege of a person on sufficient cause to believe that the person has consumed alcohol or a controlled substance after the documented date of abstinence.

Respondent then petitioned the trial court for reinstatement of limited driving privileges pursuant to Minn.Stat. § 171.19 (1990). Respondent did not contend that he had met the rehabilitation requirements. Instead, he argued that it was an abuse of discretion for the Commissioner to deny him a limited license and that the trial court had authority under Minn.Stat. § 171.19 to order issuance of a license. In support of his claim, respondent stated that he had not used alcohol or drugs since May 1991, that he had successfully completed treatment for alcoholism and that he was attending AA meetings once a week. Respondent also stated that his job involved managing nine apartment buildings, which required traveling about 100 miles per day. Respondent feared he would lose his job if he could not obtain a limited license.

The trial court found that respondent met the rehabilitation requirements of the rules because he had successfully completed treatment, he was attending a support group, and he had abstained from the use of alcohol "for a certain prescribed period," specifically since May 28, 1991. The trial court observed that respondent needed a car for employment and that the 1991 incident did not involve driving conduct. It then concluded that under the circumstances, the Commissioner's denial of a limited license was "arbitrary and unreasonable," and it ordered issuance of a limited license for 60 hours per week.

On appeal, the Commissioner contends the trial court could not require issuance of a license in contradiction of the rules, and specifically that the trial court could not require a period of abstinence less than three years. Respondent contends that the power of the trial court to review the Commissioner's decision under Minn.Stat. § 171.19 implies the authority to employ a general standard of reasonableness or arbitrariness in determining whether the Commissioner should have denied an application in the particular circumstances of this case.

## ISSUE

When a trial court reviews the Commissioner's denial of a limited license, may it require issuance of a license to one who is not entitled to it under state statutes and the Commissioner's regulations?

## ANALYSIS

The Commissioner's decision to refuse to grant a limited license is premised on the construction of statutory mandates, particularized in agency rules. Respondent does not dispute that the Commissioner has the authority to issue rules, nor does he dispute that they were properly promulgated. *See* Minn.Stat. §§ 14.06 (1990), 299A.01, subd. 6 (1990), 169.128 (1990). Respondent instead rests singularly on the notion that the trial court is free under Minn.Stat. § 171.19 (1990) to reverse the Commissioner whenever the trial court believes the circumstances render denial of an application unreasonable.

Minn.Stat. § 171.19 states that a person whose driver's license was canceled by the Commissioner may file a petition in district court. Under the statute, the trial court's role is to determine whether a petitioner is "entitled" to a license under the law. *Id.* The court must determine "whether, considering the rules, the Commissioner was arbitrary and capricious." *Larson v. Commissioner of Pub. Safety*, 405 N.W.2d 442, 444 (Minn.App.1987).

Minn.R. 7503.1700, subpt. 5 (Supp.1992) states three years of abstinence as a prerequisite to rehabilitation and licensing entitlements. There was no significant question in this case regarding the faithfulness of the Commissioner in applying the rules according to their terms. Also, the rules as applied here deal rationally with the legislative aim to limit licensing of dangerous drivers.[3] There being no cause here to adjudge the Commissioner's determination either arbitrary or unreasonable, the trial court was required to uphold the Commis-

---

**3.** A rule is unreasonable if "it is not rationally related to the objective sought to be achieved." *Mammenga v. Department of Human Services,* 442 N.W.2d 786, 789 (Minn.1989). A rule is unreasonable as applied if "the rule as applied to [a] newly revealed situation lacks a rational connection to the legislative objectives." *Id.*

sioner's decision. The court erred in substituting a one-year abstinence period for the three years required by the rules.

As a final note, we acknowledge that the Commissioner's rules may in some instances produce harsh results. At the same time, the adoption and use of these rules advances a public policy of uniformity in the Commissioner's decisionmaking. Formulation and use of these rules, a policy approach authorized by the legislature and pursued by the executive agency, ensures that offenders are treated similarly and that they have clear notice of the consequences of their actions.

## DECISION

The trial court erred in ordering issuance of a limited driver's license to respondent when respondent was not entitled to a license under applicable statutes and under properly adopted agency rules.

Reversed.