Walter COUDRON, et al., Appellants,

v.

Fred JOHNSON, et al., Individually, and in their capacity as members of the Minnetonka Police Civil Service Commission, Respondents.

No. 49363.

Supreme Court of Minnesota.

Dec. 14, 1979.

Meshbesher, Singer & Spence, Gerald M. Singer, and Carol M. Grant, Minneapolis, for appellants.

Deborah Hedlund, City Atty., Minnetonka,·for respondents.

KELLY, Justice.

The Minnetonka Police Association and several police officers who were unsuccessful candidates in a civil service examination for promotion to sergeant in the Minnetonka Police Department, sought review by certiorari in the district court, contending that the Minnetonka Police Civil Service Commission had not complied with Minn. Stat. ch. 419 (1978) and particularly with §§ 419.06 and 419.09 in administering the examination. They appeal from an order dismissing the proceeding with prejudice. We affirm.

Appellants' only claim is that the civil service commission failed to give seniority a predetermined weight in the aggregate score on the examination. They concede that the commission complied with § 419.08 (1978) in prescribing standards of fitness and efficiency for the position and in adapting the examination thereto, but claim violations of § 419.06(2), requiring public competitive examinations to test the relative fitness of applicants, and § 419.06(9), requiring that promotions be based on "competitive examination and upon records of efficiency, character, conduct and seniority." Relators alleged that a significant statistical correlation between the candidates' seniority rank and their past performance scores would have existed if seniority had been considered, but did not substantiate this claim.

The trial court apparently concluded from the return before it, however, that the commission had complied with the statutory requirements. The return shows that the examination consisted of a written test which accounted for 30% of the candidates' total scores, an oral examination which

accounted for 60%, and an evaluation by the commission of the candidates' past performance which accounted for 10%. Each commission member averred in an affidavit that he had considered the factors of efficiency, character, conduct, and seniority in evaluating the candidates' past performance. Each had made an independent evaluation, basing it on his review of performance reviews, records of seniority, letters of thanks or commendations, and suspensions, and the scores were then averaged to reflect the commission's assessment. The record thus establishes that the promotions were based in part upon "records of efficiency, character, conduct and seniority," as required by § 419.06(9).[1] Significantly, the statute does not require consideration of seniority alone, but in conjunction with efficiency, character, and conduct. A determination of the bearing of all of these factors on a candidate's qualifications and fitness for the position calls for a subjective judgment, but the procedure followed by the commission was obviously designed to minimize that aspect and to insure that the examination would be as fair and competitive as possible. We conclude that this part of the test was subjective only insofar as its nature requires it to be. Under such circumstances a subjective judgment may nevertheless be reliable and valid. *See Almassy v. Los Angeles County Civil Service Comm.*, 34 Cal.2d 387, 210 P.2d 503 (1949).

Since the return shows the commission's compliance with the statutory requirements and appellants did not prove that the commission's action was fraudulent, arbitrary, or unreasonable, or not within its jurisdiction and powers, the trial court properly dismissed the proceeding. *Krakowski v. City of St. Cloud*, 257 Minn. 415, 101 N.W.2d 820 (1960).

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.

---

1. The case is thus entirely unlike *State ex rel. Kos v. Adamson*, 226 Minn. 177, 32 N.W.2d 281 (1948), on which appellants rely.