Russell W. ANDERSON, Appellant,

v.

POLICE CIVIL SERVICE COMMIS-
SION OF the CITY OF
WILLMAR, et al., Respondents.

No. C4–86–1598.

Court of Appeals of Minnesota.

Jan. 6, 1987.

Review Granted March 13, 1987.

Eric J. Magnuson, Louise A. Dovre, Rid-
er, Bennett, Egan & Arundel, Minneapolis,
DePaul Willette, Willette, Kraft, Walser,
Nelson & Hettig, Olivia, for appellant.

Richard L. Ronning, Willmar City Atty.,
Willmar, for respondents.

Heard, considered and decided by
POPOVICH, C.J., and PARKER and
LESLIE, JJ.

## OPINION

POPOVICH, Chief Judge.

This appeal is from a trial court order
denying amended findings and conclusions
and a new trial. Appellant claims the trial
court erred in not dismissing the Police
Civil Service Commission's recommendation
regarding the most qualified police captain
candidate because the Commission improp-
erly redelegated its discretionary authority
to select a candidate to non-Commission
examiners. We reverse and remand.

### FACTS

On December 16, 1985, respondent Will-
mar Police Civil Service Commission (Com-
mission) posted notice that it was accepting
applications for police captain. Applica-
tions were received from appellant Russell
W. Anderson and three other Willmar po-
lice sergeants.

At a Commission meeting on December
31, 1985, the evaluation process for selec-
tion of a candidate who would be recom-
mended to the city council for promotion
was determined. Written and oral tests
would be administered. A total numerical
rating would be based 40% on the written
exam and 60% on the oral questions. The
written exam was to be obtained from the
Minnesota Department of Employee Rela-
tions and administered by a certified exam-
iner. An independent board of oral exam-
iners was to be selected.

The Commission instructed Willmar
Chief of Police Lyle J. Goeddertz to contact
certain individuals to serve as oral examin-
ers. Three persons agreed: the New Ulm

city manager; the Oakdale chief of police; and the Golden Valley director of public safety. A list of questions was prepared by the New Ulm city manager. The Commission reviewed this list and requested an additional question regarding ambulance service.

The written exam was administered on January 11, 1986 and the oral exam on January 30, 1986. None of the Commission members were present during either test. The Commission did meet briefly with the candidates prior to the written exam and with the examiners prior to the oral exam.

At no time did the Commission conduct personal interviews with the candidates or review the candidates' personnel files. The Commission did, however, review the candidates' applications and resumes.

After the oral exam was administered and scored, the Commission met with the examiners. No record was made of that discussion. Based on the numerical ratings derived from the written and oral tests, the examiners concluded only one of the candidates was qualified for the promotion. The Commission was seeking from the examiners a determination of all qualified candidates, not selection of a single most able candidate. Because only one candidate was determined by the examiners as qualified, the Commission recommended to the city council that sergeant's promotion.

Appellant was not that sergeant, and he sued the Commission and the City of Willmar by writ of certiorari to review the selection process and to enjoin the city from acting on the Commission's recommendation. A temporary injunction was granted.

The trial court heard this matter on August 11, 1986 and filed its order that day sustaining the Commission's recommendation and terminating the injunction. The injunction was later continued pending post-trial motions and appeal. Appellant's motion for amended findings and conclusions or alternatively for a new trial was denied by order filed August 26, 1986. Appeal is made from the August 26 order.

## ISSUE

Did the Police Civil Service Commission improperly redelegate to independent examiners its statutory discretion to select a police captain?

## ANALYSIS

The City of Willmar established the Commission in 1956 and adopted the provisions of Minn.Stat. ch. 419. *See* City of Willmar Ordinance No. 070.01. The Commission is empowered with "exclusive control and supervision" over promotion of all police department employees. *Id.*

Chapter 419 gives the Commission "absolute control and supervision" over promotions. Minn.Stat. § 419.05 (1984). Regarding examination of candidates, the statute provides:

> All examinations shall be impartial, fair, and practical and designed only to test the relative qualifications and fitness of applicants to discharge the duties of the particular employment which they seek to fill. No question in any examination shall relate to the political or religious convictions or affiliations of the applicant. All applicants for positions of trust and responsibility shall be specially examined as to moral character, sobriety, and integrity, and all applicants for position requiring special experience, skill, or faithfulness shall be specially examined in respect to those qualities. It shall be the duty of the chief of the police department and of every employee to act as an examiner or assistant examiner, at the request of the commission, without special compensation therefor. The members of the commission collectively or individually may act as examiners or assistant examiners.

Minn.Stat. § 419.09 (1984).

Appellant claims, while the Commission acted permissibly in employing non-Commission examiners, the Commission improperly vested its authority to select the appropriate candidate in the examiners. He asserts the Commission's rubberstamping of the examiners' recommendation constituted

improper redelegation of the Commission's power.

Delegation of discretionary power by the governing body of a municipality to officers or employees of the municipality is not permissible under the rule that delegated power cannot be redelegated. The rule has no application to the delegation of ministerial functions. Where the performance of the duty involves no discretion or policy making and the governing body reserves all discretionary powers, the delegation is one of ministerial power.

*State ex rel. Niemi v. Thomas*, 223 Minn. 435, 439, 27 N.W.2d 155, 158 (1947) (citation omitted); *see* Op.Minn.Atty.Gen. No. 270–D (1946) (police civil service commissions "have no authority to delegate discretionary powers conferred upon them to others").

Respondents admit the Commission delegated its ministerial power to administer testing in order to comply with Minn.Stat. § 419.09. That section requires impartial and fair examination. To ensure impartiality and fairness, especially considering the smaller size of Willmar, the Commission thought it best to employ examiners from outside the community. *Cf. Yaeger v. Giguerre*, 222 Minn. 41, 43, 23 N.W.2d 22, 24 (1946) (chapter 419 was designed "to permit municipalities to remove their police department employees from the debilitating influence of politics").

Respondents argue, however, the Commission retained all of its discretionary power by its continuous involvement in the selection process. By creating the procedure, monitoring its application, and reviewing its results, respondents assert the Commission retained discretion. Respondents argue their position is viable because the Commission met with the examiners and discussed the candidates and the results prior to making a decision. *Cf. Coudron v. Johnson*, 288 N.W.2d 689, 691 (Minn.1979) (commission assigned 10% of evaluation to its consideration of the candidates' past performance).

Depositions of the Commission members show the only controlling factor discussed by the Commission in its meeting with the oral examiners was the numerical rating given each candidate. The Commission's recommendation to the city council was based solely on the examiners' determination that only one candidate was qualified.

It is not evident *the Commission* based its recommendation on, in addition to competitive examination, the candidates' "records of efficiency, character, conduct and seniority" as required by statute. *See* Minn.Stat. § 419.06(9) (1984); *see also Coudron*, 288 N.W.2d at 691. Instead, the Commission offered the examiners' affidavits which state their examination was based on the candidates' "efficiency, character, conduct and seniority" and each *examiner* duly considered these factors. We think this scenario clearly demonstrates the Commission improperly vested the examiners with the discretion to consider factors required to be evaluated by the Commission itself. We consider respondents' argument that the authority to promote is not a legislative power and not discretionary to be without merit.

Although the Commission was well intentioned in removing itself from much of the selection process, by not evidencing any discretion its recommendation may not be sustained. The Commission should have made a written record demonstrating its consideration of all the factors listed in Minn.Stat. § 419.06(9) and based its selection on written findings. Because the Commission improperly delegated consideration of essential factors to the independent examiners, this matter is remanded to the Commission to reopen the selection process.

## DECISION

The trial court erred in sustaining the Commission's recommendation. This matter is remanded to the Commission for reinitiation of the selection process.

Reversed and remanded.